IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando, Florida

JOHN DOE, M.D.,

    Plaintiff,

vs.                                                        No.:

ALEX M. AZAR II, Secretary, U.S. Department of Health and Human Services, and his Successors,

    Defendant.
_____/

**<u>MOTION TO SEAL EXHIBITS 1, 2, AND 3, AND TO KEEP PLAINTIFF'S IDENTITY</u>**

**<u>CONFIDENTIAL PURSUANT TO 5 U.S.C. § 552a, 42 U.S.C. § 11137(b),</u>**

**<u>AND 45 C.F.R. § 60.20(a)</u>**

    **COMES NOW** Plaintiff John Doe, M.D., pursuant to Local Rule 1.09 of the Middle District of Florida, and respectfully moves this Court for an entry of an Order allowing Plaintiff John Doe, M.D. to remain anonymous in his complaint, and to file under seal paper copies of Exhibits 1, 2, and 3, to the Plaintiff's Complaint, and states:

    1.    This is a suit filed by Plaintiff John Doe, M.D., a medical doctor licensed in the state of Florida, against the U.S. Department of Health and Human Services ("DHHS"), regarding a challenge to and appeal of a confidential adverse report submitted against the Plaintiff to the National Practitioner Data Bank ("NPDB"), which is a system of records maintained and administered by the Defendant.

2. The documents for which sealing is proposed are:

**a. Exhibit 1--The original Adverse Action Report filed by Palmetto General Hospital with the NPDB against the Plaintiff.**

(1) It is the report that is the basis for the later final agency actions by Defendant which are being challenged pursuant to 5 U.S.C. § 552a, et seq. It is an exhibit to the Complaint, as it is a document upon which this lawsuit is based on.

(2) The statutes and regulation that require the NPDB report to be kept confidential are: 5 U.S.C. § 552a, 42 U.S.C. § 11137(b), and 45 C.F.R. § 60.20(a). For example, 45 C.F.R. § 60.20 states:

**Confidentiality of National Practitioner Data Bank information.**

(a) Limitations on disclosure. Information reported to the NPDB is considered confidential and shall not be disclosed outside the Department of Health and Human Services, except as specified in §§ 60.17, 60.18, and 60.21 of this part. Persons and entities receiving information from the NPDB, either directly or from another party, must use it solely with respect to the purpose for which it was provided. The Data Bank report may not be disclosed, but nothing in this section will prevent the disclosure of information by a party from its own files used to create such reports where disclosure is otherwise authorized under applicable state or Federal law.

(b) Penalty for violations. Any person who violates paragraph (a) of this section shall be subject to a civil money penalty of up to $11,000 for each violation. This penalty will be imposed pursuant to procedures at 42 CFR part 1003.

  (3) The proposed duration of the seal is permanently, for good cause as shown below.

  (4) The items submitted for sealing fall squarely within the statutes and regulation cited as they were created pursuant to and are maintained by Defendant pursuant to those authorities.  Furthermore, the document itself is clearly marked on each page "**CONFIDENTIAL DOCUMENT--FOR AUTHORIZED USE ONLY**" (emphasis and capitalization in original) by the Defendant itself.  Additionally, it contains a confidentiality warning on page 3 of the document prohibiting its disclosure under federal law and pursuant to 45 C.F.R. Part 60.

 b. **Exhibit 2 is the Dispute Resolution Decision, a final agency action, by the DHHS dated July 31, 2018.**

  (1) Exhibit 2 is the final agency action by the DHHS dated July 31, 2018, denying Plaintiff John Doe's review (appeal) of Exhibit 1.  It contains the same or similar information to that contained in Exhibit 1.  It also contains additional background and factual information of a confidential nature on the processes that have been followed by the reporting hospital, additional facts relating to the action and arguments and conclusions based on the foregoing.  It is an exhibit to the Complaint, as it is a document upon which this lawsuit is based on.  Furthermore, since it is a final agency action giving rise

    to the challenge in this case, it must be attached to the Complaint.

(2) The statutes and regulation that require it to be kept confidential are: 5 U.S.C. § 552a, 42 U.S.C. § 11137(b), and 45 C.F.R. § 60.20(a).

(3) The proposed duration of the seal is permanently, for good cause as shown below.

(4) The item submitted for sealing falls squarely within the statutes and regulation cited as they were created pursuant to and are maintained by Defendant pursuant to those authorities. Furthermore, the document itself is clearly marked "**PRIVILEGED AND CONFIDENTIAL**" (emphasis and capitalization in original) by the Defendant itself.

**c.** **Exhibit 3 is the Dispute Resolution Decision, a final agency action, by the DHHS dated March 28, 2019.**

(1) Exhibit 3 is the final agency action by the DHHS dated March 28, 2019, denying Plaintiff John Doe's appeal (review) of his request for correction or removal of the adverse document (Exhibit 1) pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. It contains the same or similar information to that contained in Exhibit 1. It also contains additional background and factual information of a confidential nature on the processes that have been followed by the reporting hospital, additional facts relating to the action, and arguments and conclusions based on the foregoing. It is an exhibit

        to the Complaint, as it is a document upon which this lawsuit is based on. Furthermore, since it is a final agency action giving rise to the challenge in this case, it must be attached to the Complaint.

(2)      The statutes and regulation that require it to be kept confidential are: 5 U.S.C. § 552a, 42 U.S.C. § 11137(b), 45 C.F.R. § 60.20.

(3)      The proposed duration of the seal is permanently, for good cause as shown below.

(4)      The item submitted for sealing falls squarely within the statutes and regulation cited as they were created pursuant to and are maintained by Defendant pursuant to those authorities. Furthermore, the document itself is clearly marked "**PRIVILEGED AND CONFIDENTIAL**" (emphasis and capitalization in original) by the Defendant itself.

4.      Good cause exists for this Court's permanent sealing of the exhibits discussed.

5.      The federal legal authorities cited above require that the confidentiality of the documents and information discussed herein exists and remains without any time limit. The Defendant DHHS itself states on its website:

> Reports in the NPDB do not expire. Information reported to the NPDB is maintained <u>permanently</u>, unless it is corrected or voided from the NPDB by the reporting entity or by the NPDB as a result of the Dispute Resolution process. Exhibit 1 (emphasis added).

6.       Furthermore, the Plaintiff has significant legal rights to challenge the legality of the <u>confidential</u> actions taken against him afforded to him by the U.S. Constitution, federal statutes, and 45 C.F.R. § 60.20.

7.       The Plaintiff has not voluntarily waived his right to confidentiality nor to privacy of the information at issue by bringing his challenge.

8.       If the Court were to rule that the Plaintiff forfeited his rights of confidentiality and privacy by pursuing this matter, Plaintiff's right to challenge the incorrect adverse action against him, the chilling effect of such a ruling would undercut the laws allowing judicial review.

9.       This would have a chilling effect.  This would effectively prevent potential plaintiffs from challenging adverse reports that were improperly submitted and improperly maintained and which contained egregious incorrect facts.

10.      Additionally, if the exhibits to the Complaint, and the information contained in them, are to be kept confidential, then the identity of the Plaintiff should be kept confidential as well.  To do so otherwise would defeat the purpose of maintaining the confidentiality of the exhibits to the Complaint as the facts of the report and the reported physician's name would have to be disclosed to the public in the Complaint.

11.      Furthermore, other federal courts deciding the same issues have allowed such cases to be filed confidentially, sealing the actual physician Plaintiff.  <u>See</u>, <u>e.g.</u>, <u>Doe vs. Rodgers</u>, Case No. 1:12-cv-01229-TFH (Consent Motion to File Under Seal dated Jan. 28, 2013), Exhibit 2.

## **RELIEF REQUESTED**

Plaintiff requests this Court enter an Order:

    A.    Allowing the Plaintiff to file the complaint as John Doe and under seal; and

    B.    Allowing the filing of Exhibits 1, 2, and 3 of the Complaint under seal; and

    C.    Ruling that good cause has been shown why the seal and Plaintiff's anonymity should be permanent.

## **MEMORANDUM OF LAW**

The Health Care Quality Improvement Act (HCQIA), 42 U.S.C. § 11101, established and governs the National Practitioner Data Bank (NPDB). 42 U.S.C. § 11137(b), states:

> **(b) Confidentiality of information**
>
> **(1) In general**
> Information reported under this subchapter is considered confidential and shall not be disclosed (other than to the physician or practitioner involved) except with respect to professional review activity, as necessary to carry out subsections (b) and (c) of section 11135 of this title (as specified in regulations by the Secretary), or in accordance with regulations of the Secretary promulgated pursuant to subsection (a) of this section. Nothing in this subsection shall prevent the disclosure of such information by a party which is otherwise authorized, under applicable State law, to make such disclosure. . . .
>
> **(2) Penalty for violations**
> Any person who violates paragraph (1) shall be subject to a civil money penalty of not more than $10,000 for each such violation involved. Such penalty shall be imposed and collected in the same manner as civil money penalties under subsection (a) of section 1320a–7a of this title are imposed and

collected under that section.

45 C.F.R. § 60.20, is a regulation promulgated by the Defendant Department of Health and Human Services, for procedures to maintain the National Practitioner Data Bank. It is almost identical to the HCQIA provisions cited immediately above. 42 U.S.C. § 11137(b) and 45 C.F.R. § 60.20 both establish the confidentiality of the reports made to and maintained in the NPDB.

The U.S. Supreme Court in its recent decision in Food Marketing Institute v. Argus Leader Media, Case No. 18-481 (U.S., decided June 24, 2019), entered a decision against the release of information pursuant to a Freedom of Information Act (FOIA) request, when the party who had provided the information to the government deemed it "confidential" and opposed its release. (Food Marketing Institute, slip opinion at pp. 4-5.) The Court pointed out that it has adhered to a much more traditional understanding of the statutory term "confidential," holding that information qualifies as confidential "if it is of a kind that would customarily not be released to the public by the person from whom it was obtained." (Food Marketing Institute, slip opinion at p. 9.)

The Supreme Court held in Food Marketing Institute:

> At least where . . . information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is "confidential" within the meaning of [FOIA].

(Food Marketing Institute, slip opinion at p.12.)

In the present case, all parties to this matter have treated the documents and information for which sealing is being requested to be highly confidential. The Court should therefore continue the confidentiality that the parties have always observed by sealing them. The Court

should not destroy the confidentiality afforded by statute and maintained to date by the parties.

The other state statutes cited above, along with the case law interpreting them, clearly establishes that the documents and information contained in Exhibits 1, 2, and 3, are confidential documents which, along with their contents, should not be disclosed to or made available to the public.

The Plaintiff has not voluntarily waived this Plaintiff's right to confidentiality nor to privacy of the information at issue by bringing this Plaintiff's challenge. If the Court were to rule that this Plaintiff forfeited this Plaintiff's rights of confidentiality and privacy by pursuing this Plaintiff's right to challenge the incorrect adverse action against this Plaintiff, the chilling effect of such a ruling would undercut the laws allowing judicial review.

It would be anomalous to find that the Plaintiff had waived this Plaintiff's rights to privacy and confidentiality by exercising this Plaintiff's legal rights to challenge factually incorrect reports that are being made to others in violation of this Plaintiff's rights, including this Plaintiff's privacy rights under 5 U.S.C. § 552a.

If the Court fails to seal these exhibits, it defeats the confidentiality requirements established by federal and state law, and the privacy rights that belong to the Plaintiff as well as to those who participated in the proceedings that were taken.

It should be noted that pursuant to 45 C.F.R. § 60.21(b)(1), a practitioner may request the Secretary of DHHS to "enter the report into 'disputed status'" if he or she disagrees with the information; and when a report is in "disputed status" it may be released to certain "queriers" in the administrative milieu. 45 C.F.R. § 60.21(b)(2). The Plaintiff's report is not in "disputed status" merely because the substance of the report is being litigated. Therefore, the report, and

follow up appeals, must remain confidential.

With regard to the administration of the NPDB, the term "disputed status" has a very specific meaning in both the NPDB Guidebook ("Guidebook"), where it is capitalized, and in 45 C.F.R. § 60.21(b)-(c), where it is placed in quotations.  The Guidebook notes that only "eligible entities" may query the NPDB.  U.S. Department of Health and Human Services, Health Resources and Services Administration, NPDB Guidebook (2018), https://www.npdb.hrsa.gov/resources/NPDBGuidebook.pdf, at D-16.  The Guidebook defines "eligible entity" as "[a]n entity that is authorized to query and/or report to the NPDB under the provisions of Title IV of Public Law 99-660, the Health Care Quality Improvement Act of 1986; Section 1921 of the Social Security Act; Section 1128E of the Social Security Act; or as specified in 45 CFR Part 60." Id. at App. A-3.  A court of law does not fall under any of these.

The grounds and motivation for maintaining the confidentiality of the exhibits and the Plaintiff's anonymity are consistent, and should be considered together.

**WHEREFORE,** Plaintiff respectfully requests the Court to grant the relief as requested above, an Order allowing the filing of Exhibits 1, 2, and 3 of the Complaint under seal and ruling that good cause has been shown why the seal should be permanent.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record;  additionally, I have served a copy to the Defendant, Secretary, U.S. Department of Health and Human Services, to the U.S. Attorney for the Middle District of Florida, and to the Attorney General of

the United States (Civil Division), this 29th day of October 2019.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**CAROLE C. SCHRIEFER, R.N., J.D.**
Florida Bar No.:  835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**ACHAL A. AGGARWAL, J.D., M.B.A.**
Florida Bar No.:  1008038
Primary e-mail:  AAggarwal@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR PLAINTIFF**

Attachments:

| | |
|---|---|
| Motion Exhibit 1 | Publication from website for National Practitioner Data Bank, Health Resources Services Administration, U.S. Dept. of Health & Human Services, July 30, 2019 (located at: https//www.npdb.hrsa.gov/faqs/d7.jsp) |

Motion Exhibit 2    <u>Doe v. Rodgers</u>, Case No. 1:12-cv-01229-TFH (Consent Motion to File Under Seal dated Jan. 28, 2013)

GFI/AAA/MAL/pa
S:\2300-2399\2335-Martinez-Solis\002-A\410-Pleadings-Drafts & Finals\Motion to Seal-Martinez-Solis-FINAL.wpd