UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.                                                  Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors,

    Defendant.
_____/

## RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS AND TO PROCEED ANONYMOUSLY

Pursuant to this Court's January 7, 2020 Order, Doc. 11, Defendant, the Secretary of the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, hereby responds to Plaintiff's motion to file certain documents under seal and to proceed anonymously as a "Doe" plaintiff, Doc. 2. Plaintiff's complaint primarily concerns the refusal of HHS to remove an adverse report about Plaintiff submitted to the National Practitioner Data Bank by his former employer, Palmetto General Hospital ("PGH"). PGH submitted the Adverse Report because Plaintiff surrendered his credentials at PGH while he was under investigation regarding continuing insufficiencies in his recordkeeping. See 42 U.S.C. § 11133(a)(1). In his motion Plaintiff has requested that he be allowed to proceed anonymously, and that he be able to file certain records under seal. Defendant does not object in principle to the relief requested in either instance. In fact, Defendant intends to request permission to file the certified

administrative record under seal once the Court has ruled on the pending partial motion to dismiss. However, as to the request to proceed anonymously, Defendant respectfully suggests Plaintiff has not provided sufficient authority or analysis to proceed anonymously under the applicable standards and that Plaintiff should be required to provide supplemental briefing to the Court to support his request.

A.     **Request to File Documents Under Seal.**

Defendant does not object to the request to file certain documents under seal. In fact, as it did in another case involving the same issues, Defendant intends to seek leave to file the certified administrative record (which will include these very same documents) under seal for the same reasons articulated in that case. *See Nwobi v. Azar*, Case No. 6:19-cv-01404-Orl-41EJK (M.D. Fl.), Doc. 22. Defendant asserts that under Local Rule 1.09(a), 45 C.F.R. § 60.20(a), which states "[i]nformation reported to the NPDB is considered confidential and shall not be disclosed outside [HHS]", provides a sufficient basis for sealing the administrative record in this case, which would include the three records identified by Plaintiff. In *Nowobi*, this Court relied on Section 60.20(a) to permit the plaintiff in that case to file the same type of records at issue here under seal. *See Nwobi*, Case No. 6:19-cv-01404-Orl-41EJK (M.D. Fl.), Doc. 16 & 23.

B.     **Request to Proceed Anonymously.**

With respect to the request to proceed anonymously, while Defendant does not object in principle to the request, Defendant notes that Plaintiff has not made the proper showing to allow Plaintiff to proceed in this manner. As this involves a matter regarding the "constitutionally-embedded presumption of openness in judicial proceedings," *see*

2

*Doe v. City of Vero Beach*, No. 2:19-14212, 2019 WL 3751771, at *3 (S.D. Fla. Aug. 8, 2019), it is incumbent on a party seeking to proceed anonymously to demonstrate their entitlement to such relief. The fact that a defendant may not oppose the relief is insufficient alone to justify allowing a party to proceed anonymously if the necessary showing is not made. The Eleventh Circuit has an established analysis for assessing such a request, and Plaintiff should make his case for proceeding anonymously under these factors.

> "Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323). A party may proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324. Relevant, although non-dispositive, factors include: "(1) whether the party challenges government activity, (2) whether the party will be 'required to disclose information of the utmost intimacy,' (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously 'pose[s] a unique threat of fundamental unfairness to the defendant.'" *Doe v. Sch. Bd. of Miami-Dade Cty.*, — F.3d —, No. 1:19-cv-20204-UU, 2019 WL 4741422, at *1 n.1 (S.D. Fla. Apr. 30, 2019) (alteration in original) (quoting *Doe v. Swearingen*, No. 18-24145, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019)).

*Strike 3 Holdings, LLC v. Doe*, No. 3:19-CV-508-J-34JRK, 2019 WL 5722173, at *1 (M.D. Fla. Nov. 5, 2019); *see also Doe v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2019 WL 5102450, at *2 (S.D. Fla. Oct. 11, 2019); *City of Vero Beach*, 2019 WL 3751771, at *4.

Defendant notes that there are instances of courts both allowing and denying requests to proceed anonymously in cases involving the National Practitioner Data Bank. *Compare Doe v. Rogers*, 139 F. Supp. 3d 120 (D.D.C. 2015), *Doe v. U.S. Dep't of Health & Human Servs.*, 871 F. Supp. 808 (E.D. Pa. 1994), and *Doe v. Thompson*, 332 F. Supp. 2d 124 (D.D.C. 2004)[1] (all allowing the plaintiff to proceed anonymously); *with Doe v. Milwaukee Cty.*, No. 18-CV-503, 2018 WL 3458985, at *1 (E.D. Wis. July 18, 2018) (denying request to proceed anonymously despite fact defendant did not object). Thus, it is important for Plaintiff to put forth the necessary showing here.

Looking at Plaintiff's motion, there is little to no analysis regarding the right to proceed anonymously under the standards to be applied by the Eleventh Circuit. Accordingly, while Defendant does not object to the relief sought in principle, Defendant believes that in the Eleventh Circuit a plaintiff seeking to proceed anonymously must still make the required showing to do so. Accordingly, prior to ruling on Plaintiff's motion, Defendant respectfully suggests that the Court order Plaintiff to file supplemental briefing addressing the applicable standards. *See Does v. Swearingen*, No. 618CV1731ORL41LRH, 2019 WL 4386936, at *1 (M.D. Fla. Sept. 13, 2019) (where the plaintiff failed to initially support its request with case law and evidence, but supplemented their request to do so).

---

[1] Defendant could not determine the reasoning employed by the Court in any of these three decisions from either the published opinions or the information on the Court's docket in any of these three cases. And there is some question from the Docket as to whether the Court in *Doe v. U.S. Dep't of Health & Human Servs.,* Case No. 2:94cv3429, E.D. Pa.), actually permitted the plaintiff to proceed anonymously – despite the caption. *See* Doc. 9. However, these filings were unavailable online to examine.

4

Dated:  January 15, 2020

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:  */s/ Adam R. Smart*
ADAM R. SMART
Assistant United States Attorney
USA No.  195
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email:  adam.smart@usdoj.gov

*Counsel for Defendant*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

George F. Indest III, Esq.
The Health Law Firm

*/s/ Adam R. Smart*
ADAM R. SMART
Assistant United States Attorney

5