**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando, Florida**

JOHN DOE, M.D.,

      Plaintiff,

vs.                                                **No.:**  6:19-cv-02074-PGB-LRH

ALEX M. AZAR II, Secretary, U.S.
Department of Health and Human
Services, and his Successors,

      Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR FOURTEEN (14) DAY EXTENSION**

**OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

      **COMES NOW** Plaintiff John Doe, M.D., by and through his undersigned counsel, and respectfully moves this Court for entry of an Order granting Plaintiff John Doe, M.D., a fourteen (14) day extension of time to submit a response to Defendant's Motion to Dismiss (Doc. No. 9), and in support thereof states:

      1.     This is a suit filed by Plaintiff John Doe, M.D., a medical doctor licensed in the state of Florida, against the U.S. Department of Health and Human Services ("DHHS"), regarding a challenge to and appeal of a confidential adverse report submitted against the Plaintiff to the National Practitioner Data Bank ("NPDB"), which is a system of records maintained and administered by the Defendant.

      2.     On January 6, 2020, the Defendant filed a Motion to Dismiss Counts I, II, IV, V, and VI ("Motion to Dismiss") of Plaintiff's Complaint.

3. On January 14, 2020, counsel for Plaintiff conferred with counsel for Defendant regarding a fourteen (14) day extension of time for Plaintiff to file a response to Defendant's Motion to Dismiss.

4. Counsel for Defendant informed counsel for Plaintiff that he was unopposed to the fourteen (14) day extension of time.

5. The Court has inherent authority to grant an extension of time.

6. This request is not being made for the purpose of unnecessary delay.

7. Undersigned counsel is making this request due to the lead attorney's extremely busy litigation schedule. Additionally, The Health Law Firm is experiencing a staff shortage due to the recent holidays and staff illnesses.

8. No party will be prejudiced by the extension of time requested herein.

## MEMORANDUM OF LAW

Dr. Doe is making this request for an extension of time in good faith and pursuant to Rule 6(b)(1)(A), Fed.R.Civ.P., and it is not made for purposes of improper delay.

Rule 6(b), Federal Rules of Civil Procedure, states in relevant part:

(b) EXTENDING TIME.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time

>or its extension expires; or
>
>(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Case law supports the proposition that the court has exceptionally broad discretion in granting such motions for an extension of time. See, e.g., Hetzel v. Bethlehem Steel Corp., 50 F.3d 360 (5th Cir. 1995), the Fifth Circuit Court of Appeals affirmed the district court's granting an enlargement of time stating:

>Appellant's final argument warrants little discussion. Appellant asserts that the district court abused its discretion by 1) accepting Appellee's motion for summary judgment out of time, and 2) denying Appellant's motion for enlargement of time to respond. Under Fed.R.Civ.P. 6(b), the district court is granted broad discretion to expand filing deadlines. See, e.g., Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir.1994); Woods v. Allied Concord Financial Corp., 373 F.2d 733, 734 (5th Cir.1967).

Hetzel, 50 F.3d 367. Accord, Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358 (11th Cir. 2002); Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967).

The Court has inherent authority to grant extension of time to act upon its own orders. In the present case, given the complexity of this case, counsel for Plaintiff's busy litigation schedule, The Health Law Firm's staff shortages, and the absence of any real prejudice to the Defendants, the Court should grant the request for an extension of time.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Dr. Doe requests this Court enter an Order granting a fourteen (14) day extension of time for Plaintiff to file a response to Defendant's Motion to Dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that a good faith conference has been had with opposing counsel Adam Smart, Esquire, and that he is unopposed to the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, this  15th  day of January 2020.

/s/ Achal A. Aggarwal
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**CAROLE C. SCHRIEFER, R.N., J.D.**
Florida Bar No.:  835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com

TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**ACHAL A. AGGARWAL, J.D., M.B.A.**
Florida Bar No.:  1008038
Primary e-mail:  AAggarwal@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR PLAINTIFF**

LOL/AAA
S:\2300-2399\2335-Martinez-Solis\002-A\410-Pleadings-Drafts & Finals\Motion for Extension of Time.wpd