## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**JOHN DOE, M.D.,**

    **Plaintiff,**

**v.**                                                                          Case No:   6:19-cv-2074-Orl-40LRH

**ALEX M. AZAR, II ,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO SEAL EXHIBITS 1, 2, AND, 3 AND TO KEEP PLAINTIFF'S IDENTITY CONFIDENTIAL PURSUANT TO 5 U.S.C. § 552a, 42 U.S.C. § 11137(b) AND 45 C.F.R. § 60.20(a) (Doc. 2)**
>
> **FILED:**   **October 29, 2019**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**

The Plaintiff filed this case anonymously against the Defendant, summarizing the action as follows:

> This is a case involving a false report submitted to the National Practitioner Data Bank ("NPDB") on Dr. Doe. Exhibit "1." Palmetto General Hospital reported Dr. Doe to the NPDB without cause and without affording him the right to a hearing and other rights required by law. The report was without cause because Dr. Doe was not under a formal investigation when his clinical privileges at Palmetto General Hospital expired. Additionally, Palmetto General Hospital did not provide Dr. Doe with the opportunity for a hearing as mandated by the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 et seq. ("HCQIA").

> Dr. Doe appealed the adverse NPDB report to [the United States Department of Health and Human Services ("DHHS")]. His appeal was denied on July 31, 2018. Exhibit "2." Dr. Doe later challenged the incorrectly submitted report by filing a Privacy Act request with DHHS. However, it was denied on March 28, 2019. Exhibit "3." The present suit challenges the final agency actions and pleads for damages and other relief.

(Doc. 1).

Along with the Complaint, the Plaintiff filed a motion to seal the three exhibits attached to the Complaint (collectively, the "Exhibits") and for leave to proceed anonymously. (Doc. 2 ("Motion")). The exhibits the Plaintiff wishes to seal consist of the original Adverse Action Report filed by Palmetto General Hospital with the NPDB ("Exhibit 1"), and DHHS's final agency actions dated July 31, 2018 ("Exhibit 2") and March 28, 2019 ("Exhibit 3"). (*Id.* at ¶ 2). The Plaintiff contends that these documents must be kept confidential pursuant to 5 U.S.C. § 552a, 42 U.S.C. § 11137(b), and 45 C.F.R. § 60.20(a) and should be permanently sealed. (*Id.* at 7-10). The Plaintiff does not, however cite to any legal authority in support of his request to proceed anonymously. (*Id.* at 9-10).[1]

In response, the Defendant states that he has no objection to the Exhibits being filed under seal because such relief is appropriate under 45 C.F.R. § 60.20(a). (Doc. 12 at 2 (citing *Nwobi v. Azar*, Case No. 6:19-cv-1404-Orl-41EJK, Doc. 16 (M.D. Fla. Oct. 21, 2019)). As for the Plaintiff's request to proceed anonymously, the Defendant states that while he has no objection to the request in principle, the Plaintiff has not made a proper showing pursuant to Eleventh Circuit precedent that

---

[1] The Plaintiff contends that "other federal courts deciding the same issues have allowed such cases to be filed confidentially, sealing the actual physician Plaintiff." (Doc. 2 at ¶ 11 (citing Doc. 2-3 (a consent motion to file under seal in *Doe v. Rodgers*, Case No. 1:12-cv-01229-TFH). This is the only authority the Plaintiff cites. However, the consent motion is just that – a motion – and does not state how the court actually ruled on the issue. (*See* Doc. 2-3). Accordingly, the Plaintiff has not supported his request with any binding or persuasive legal authority.

- 2 -

he should be permitted to proceed anonymously. (*Id*. at 2-4). The Defendant therefore suggests that the Plaintiff be directed to file supplemental briefing addressing the applicable standard for proceeding anonymously in the Eleventh Circuit. (*Id*. at 4).

### A. Sealing Exhibits to the Complaint

A party requesting to seal documents authorized by statute, rule, or order must provide the following: 1) a citation to the statute, rule or order authorizing the seal; 2) an identification and description of each item proposed for sealing; 3) a statement of the proposed duration of the seal; and 4) a statement establishing that the items submitted for sealing fall within the scope of cited statute, rule, or order. Local Rule 1.09(b). The Court may not seal an item for more than one year, unless the moving party shows good cause for a longer seal. Local Rule 1.09(c).

In addition to Local Rule 1.09, the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, the common law right of the public to access judicial records is not absolute. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The right of access does not apply to discovery and, where it does apply, "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id*. at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit has held:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information

> confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. While a party's privacy or proprietary interest in information may outweigh the public's common law right of access, parties do not have the right to agree on what judicial records should be sealed. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985). The Court "must keep in mind the rights of a third party – the public, if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system." *Id*. (internal quotations and citations omitted).

The Plaintiff cites to two statutes (5 U.S.C. § 552a and 42 U.S.C. § 11137(b)) and one regulation (45 C.F.R. § 60.20(a)) in support of his request to file the Exhibits under seal. The *Nwobi* decision cited by the Defendant is on-point and instructive in this regard. In that case, the court was faced with a request to seal three exhibits (similar to the Exhibits at issue here) and relying on § 60.20(a), the court determined that the Exhibits should be sealed. *Nwobi*, Case No. 6:19-cv-1404-Orl41EJK, Doc. 16. The Court finds the reasoning of *Nwobi* persuasive. Section 60.20(a) of the Code of Federal Regulations states that "[i]nformation reported to the NPDB is considered confidential and shall not be disclosed outside the Department of Health and Human Services . . ." 45 C.F.R. § 60.20(a).[2] Based on the Plaintiff's description of the Exhibits, they contain information reported to the NPDB, and the Court is outside the DHHS. The Court therefore finds, as did the court in *Nwobi*, that the Exhibits are protected under § 60.20(a). Further, the Court finds that the

---

[2] There are several exceptions to this general rule, but, upon review of those exceptions, it does not appear that any of them apply here. *See* 45 C.F.R. § 60.20(a).

- 4 -

Plaintiff has met the other requirements of Local Rule 1.09(b), has shown that the interest in sealing the Exhibits outweighs the public's common law right to access the Exhibits, and has stated good cause to extend the seal beyond one year. The Motion will therefore be granted to the extent it requests the Exhibits be sealed.

### B. Proceeding Anonymously

As the Defendant notes, the Plaintiff provides little argument and no citation in support of his request to proceed anonymously. Sealing and proceeding anonymously are two very different issues, which are governed by different standards in the Eleventh Circuit. Specifically, the Eleventh Circuit has concluded that a party may proceed anonymously only in "exceptional cases." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). The Eleventh Circuit has identified several non-exclusive factors for courts to consider, including whether: 1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) the party would be threatened by violence or physical harm if they proceeded in their real name; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). The Plaintiff has not addressed any of the foregoing factors and therefore has not yet shown that proceeding anonymously is warranted or appropriate.

The Court will deny the Motion to the extent it requests leave to proceed anonymously. In doing so, the Court will allow the Plaintiff to file a renewed motion if he so chooses and, while that motion is pending, the Plaintiff may continue to proceed anonymously until further order from the Court. However, if the Plaintiff does not file a renewed motion in the time provided he will be directed to disclose his identity.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 2) is **GRANTED** as follows:

    a. The Plaintiff may file the three Exhibits to the Complaint under seal.

    b. The Plaintiff shall submit the Exhibits to the Clerk for sealing **on or before February 21, 2020**.

    c. **The Clerk is directed to accept the Exhibits under seal**.

    d. The Exhibits shall remain under seal until further order from the Court.

2. The Motion (Doc. 2) is **DENIED** in all other respects.

3. The Plaintiff may file a renewed motion to proceed anonymously **on or before February 28, 2020** which addresses the issues discussed in this Order. The Plaintiff may continue to proceed anonymously until February 28, 2020, or until the Court rules on any renewed motion, whichever date is later. If the Plaintiff does not timely file a renewed motion, the Court will direct the Plaintiff to disclose his identity.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties