UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.   Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR LEAVE TO FILE A
REPLY IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant, the Secretary of the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, and pursuant to Local Rule 3.01(c) respectfully requests leave to file a reply of up to 12 pages within three days of the Court granting this motion. Undersigned certifies that he conferred with counsel for Plaintiff and they stated that they do not oppose this request.

**A.**    **Procedural Background and Standards to Apply.**

On January 6, 2020, Defendant filed a partial motion to dismiss Plaintiff's complaint. (Doc. 9) On February 18, after two extensions of time and requesting leave to file excess pages (Docs. 14, 16, 18), Plaintiff filed his 32-page response. (Doc. 19) Pursuant to Local Rule 3.01(c), no party shall file a reply or further memorandum directed to a motion or response unless the Court grants leave. "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States,* 2013 WL 3901871,

at *1 n.3 (M.D. Fla., July 29, 2013).  Good cause can be shown where a reply seeks to "rebut any new law or facts" contained in an opposition brief.  *Allied Portables, LLC v. Youmans*, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016) (citing *Tardif v. People for Ethical Treatment of Animals,* 2011 WL 2729145, at *2 (M.D. Fla., July 13, 2011)).  Furthermore, a reply must benefit the Court in resolving a pending motion.  *See id*.

**B.**     **Basis for seeking leave.**

Plaintiff's response to Defendant's motion to dismiss raises several new issues of law that justify granting leave to file a reply.

First, Plaintiff has improperly asserted an entirely new claim in his response, namely that HHS allegedly exceeded its statutory authority in promulgating 45 C.F.R. § 60.21(c). (Doc. 19 at 13-15)  Plaintiff's complaint only raised the issue of whether HHS's publication of the NPDB Guidebook was contrary to the HCQIA.  (Doc. 1 at Count I, ¶¶ 70-71)  Plaintiff did not challenge the promulgation of the regulation in his complaint.

Second, Plaintiff has asserted numerous arguments in response to the motion to dismiss that are actually addressing matters relevant, if at all, to the APA review requested in Count III (which is not the subject of this motion to dismiss).  Specifically Defendant raises the non-delegation doctrine and the proper application of deference to agency interpretation, and further conflates his due process and Privacy Act claims with the issues to be considered under APA review of the Secretary's denial of his request to remove the Adverse Action Report from the NPDB, the Count not at issue in the motion to dismiss.

The non-delegation doctrine was not an issue that was anticipated because it was never alleged (despite the extensive nature of the complaint) that the NPDB Guidebook

2

is invalid under the non-delegation doctrine, and because any relevance, if at all, would be to Plaintiff's Count III, which is not the subject of Defendant's motion to dismiss.  With regard to the issue of deference to agency interpretation, this issue again goes to the Court's APA review under Count III, not the Court's jurisdiction over the other Counts in Plaintiff's complaint.  Similarly, Plaintiff also conflates what is at issue in Count III with the jurisdictional and procedural hurdles he faces with respect to both his due process claim and his Privacy Act claim.  As to his due process claim, Plaintiff focuses his arguments on matters concerning whether the conduct at issue is "reportable" and related to whether it is "accurate" – two specific factors to be decided in the Court's consideration of Count III.  Similarly with respect to his Privacy Act claim, Plaintiff focuses in large part on the proper definition of the term "investigation" and the proper scope of the Secretary's review of the Adverse Report, again matters for consideration in evaluating Count III.

To address these new issues of law and to fully explain why these issues are not relevant to the pending motion to dismiss, Defendant requests leave to file a 12-page reply.

Dated:  February 25, 2020

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   */s/ Adam R. Smart*
ADAM R. SMART
Assistant United States Attorney
USA No.  195
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email:  adam.smart@usdoj.gov

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

    George F. Indest III, Esq.
    The Health Law Firm

                                                    */s/ Adam R. Smart*
                                                    ADAM R. SMART
                                                    Assistant United States Attorney