**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando, Florida**

JOHN DOE, M.D.,

      Plaintiff,

vs.                                      **No.:**  6:19-cv-02074-PGB-LRH

ALEX M. AZAR II, Secretary, U.S.
Department of Health and Human
Services, and his Successors,

      Defendant.
_____/

**PLAINTIFF'S UNOPPOSED RENEWED MOTION TO**

**KEEP PLAINTIFF'S IDENTITY CONFIDENTIAL**

    **COMES NOW** Plaintiff John Doe, M.D., by and through his undersigned counsel, and files this Unopposed Renewed Motion to Keep Plaintiff's Identity Confidential, pursuant to the Court's Order dated February 14, 2020 [Dkt. 17], and states:

    1.    This is a suit filed by Plaintiff John Doe, M.D., a medical doctor licensed in the state of Florida, against the U.S. Department of Health and Human Services ("DHHS"), regarding a challenge to and appeal of a confidential adverse report submitted against the Plaintiff to the National Practitioner Data Bank ("NPDB"), which is a system of records maintained and administered by the Defendant.

    2.    On October 29, 2019, Plaintiff Dr. Doe filed a Motion to Seal Exhibits 1, 2, and 3, and to Keep Plaintiff's Identity Confidential Pursuant to 5 U.S.C. § 552a, 42

U.S.C. § 11137(b), and 45 C.F.R. § 60.20(a).  [Dkt. 3].

3. In his Motion, Plaintiff argued that the exhibits to the Complaint contained confidential and privileged information that is not available to the public and that is why they should be kept under seal.  Plaintiff also demonstrated that the exhibits should be kept under seal pursuant to 45 C.F.R. § 60.20(a).

4. The confidential and privileged information in those exhibits is the basis for this entire lawsuit.

5. On February 14, 2020, this Court granted Plaintiff's request to keep the exhibits of the Complaint under seal, but denied Plaintiff's request to proceed in this lawsuit anonymously.  [Dkt. 17].

6. In the Court's Order, this Court stated that it would allow the Plaintiff to file a renewed motion requesting to proceed anonymously.  [Dkt. 17]. Plaintiff is now requesting that he be allowed to proceed with this lawsuit anonymously in this unopposed renewed motion.

## **MEMORANDUM OF LAW**

The Eleventh Circuit has identified six (6) nonexclusive factors for courts to consider when allowing a party to proceed with a lawsuit anonymously.  These factors include whether:

1) the case involves a challenge to government or private activity;

2) the party will be required to disclose information of the utmost intimacy;

    3) the party would be threatened by violence or physical harm if they proceeded in their real name;

    4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;

    5) the party is a minor; and

    6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.

Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011).

**The First Francis Factor is Satisfied:**

    The present case involves a challenge to the actions of Defendant DHHS, a government entity, relating to the NPDB.  Defendant DHHS has issued the NPDB Guidebook, providing various requirements and interpretations of federal statutes and federal regulations, which have effect of federal regulations, without undertaking the appropriate rule-making process.  Plaintiff contends in the present case that Defendant DHHS has exceeded its statutory authority by doing so.

    Plaintiff is also challenging whether Defendant DHHS has issued written policies and guidelines that meet the definition of "rule," as defined in 5 U.S.C. § 551(4), and that Defendant did not conduct any formal rule-making processes.  Additionally, Plaintiff in the present case is challenging Defendant DHHS's final agency action pursuant to the Administrative Procedure Act.

Plaintiff Dr. Doe sufficiently meets the first factor detailed in Francis.

**The Second Francis Factor is Met:**

As to the second factor in Francis, this Court has already granted Plaintiff's request to keep the exhibits to the Complaint under seal. The same confidential and privileged information in those exhibits is the basis for this entire lawsuit. To keep the exhibits under seal, but require Plaintiff to disclose his identity is illogical as the information in those exhibits is being discussed and debated in the pleadings and motions filed with this Court. Plaintiff Dr. Doe has already disclosed and discussed information of the utmost privacy when he filed his Complaint. He was able to do so without concern or fear because his identity was being kept anonymous by the government agency as required by law.

By now forcing him to disclose his identity, the Court would publicly connect him with information set forth in documents filed with the Court, deposition testimony, responses to discovery, and testimony and evidence at trial. Additionally, forcing Plaintiff to disclose his identity would go against the purpose of keeping the exhibits to the Complaint under seal. As such, Plaintiff Dr. Doe sufficiently meets the second factor detailed in Francis.

**The Third Francis Factor is Also Met:**

Allowing Plaintiff Dr. Doe to proceed anonymously would not pose a unique threat of fundamental unfairness to the Defendant. Defendant DHHS has defended itself against

many anonymous plaintiffs. Plaintiff Dr. Doe's case does not present such a unique threat that Defendant DHHS is unable to sufficiently defend itself. Nor does Plaintiff Dr. Doe's case present such a unique threat that Defendant DHHS requires his identity to be disclosed.

On the other hand, the disclosure of Dr. Doe's identity and name will cause harm to him. The reason that there are due process requirements contained in the Health Care Quality Improvement Act ("HCQIA") 42 U.S.C. § 11101, et seq., before a NPDB report can be made against a physician is because there are protected interests at stake that may be harmed. The physician's professional reputation and personal reputations may be irreparably damaged should such information become public. The physician will lose job opportunities, lose patients, and suffer loss of income. The harm to the physician is real. That is why these NPDB reports are kept confidential by law in the first place.

**The Fourth and Fifth Francis Factors Do Not Apply:**

The fourth factor in Francis dealt with illegal conduct and the likelihood of criminal prosecution. It is simply not applicable to this case. There is no criminal activity involved.

The fifth factor, whether a party was a minor or not, does not apply either. Despite the fact that Dr. Doe is not a minor, he is still entitled to constitutional privacy rights, the due process rights set forth in HCQIA, and the confidentiality protections afforded by 45 C.F.R. § 60.20(a).

**The Sixth Francis Factor Weighs in Favor of Dr. Doe:**

Proceeding anonymously would not pose any threat to nor cause any prejudice to Defendant DHHS. As noted above, DHHS defends many suits where the name of the party may be kept confidential.[1] DHHS knows the name of the Plaintiff; there is no prejudice.

On the other hand, there would be fundamental unfairness to the Plaintiff in having to give up his right to privacy and give up his right to confidentiality guaranteed by 45 C.F.R. § 60.20(a) in order to avail himself of his statutory right to judicially challenge an incorrect action by DHHS.

## RELIEF REQUESTED

Plaintiff respectfully requests this Court to enter an Order allowing Plaintiff to proceed with this lawsuit anonymously.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that a good faith conference has been had with opposing counsel Adam Smart, Esquire, and that he is unopposed to the relief requested herein.

---

[1] These cases include, but are not limited to, Doe v. Rogers, 139 F. Supp. 3d 120 (D.D.C. 2015); Doe v. Leavitt, 552 F.3d 75 (1st Cir. 2009); and Doe v. Thompson, 332 F. Supp. 2d 124 (D.D.C. 2004).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, this **27th** day of February 2020.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**CAROLE C. SCHRIEFER, R.N., J.D.**
Florida Bar No.:  835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**ACHAL A. AGGARWAL, J.D., M.B.A.**
Florida Bar No.:  1008038
Primary e-mail:  AAggarwal@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**
1101 Douglas Avenue
Altamonte Springs, Florida 32714
Telephone:  (407) 331-6620
Telefax:  (407) 331-3030
**ATTORNEYS FOR PLAINTIFF**