# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE, M.D.,**

        **Plaintiff,**

**v.**                                **Case No:   6:19-cv-2074-Orl-40LRH**

**ALEX M. AZAR, II ,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED RENEWED MOTION TO KEEP PLAINTIFF'S IDENTITY CONFIDENTIAL (Doc. 24)** |
| **FILED:** | **February 27, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Plaintiff filed this case anonymously against the Defendant, summarizing the action as follows:

> This is a case involving a false report submitted to the National Practitioner Data Bank ("NPDB") on Dr. Doe.  Exhibit "1."  Palmetto General Hospital reported Dr. Doe to the NPDB without cause and without affording him the right to a hearing and other rights required by law.   The report was without cause because Dr. Doe was not under a formal investigation when his clinical privileges at Palmetto General Hospital expired.   Additionally, Palmetto General Hospital did not provide Dr. Doe with the opportunity for a hearing as mandated by the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 et seq. ("HCQIA").

> Dr. Doe appealed the adverse NPDB report to [the United States Department of Health and Human Services ("DHHS")].  His appeal was denied on July 31, 2018. Exhibit "2."  Dr. Doe later challenged the incorrectly submitted report by filing a Privacy Act request with DHHS.  However, it was denied on March 28, 2019.

Exhibit "3."   The present suit challenges the final agency actions and pleads for damages and other relief.

(Doc. 1).   The Plaintiff now moves to proceed anonymously (Doc. 24 ("Motion")) and the Defendant does not oppose that request (*Id*. at 6).

It is axiomatic that "[l]awsuits are public events," *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), and, as such, there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981);[1] *see* Fed. R. Civ. P. 10(a) (requiring the title of the complaint to contain the names of all parties).   The Eleventh Circuit has concluded that a party may proceed anonymously only in "exceptional cases." *Frank*, 951 F.2d at 324.   In determining whether a party may proceed anonymously, the Eleventh Circuit has identified several factors for courts to consider, including whether: 1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) the party would be threatened by violence or physical harm if they proceeded in their real name; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) and *Stegall*, 653 F.2d 180).   The Eleventh Circuit has explained that these factors are not exhaustive nor is any factor intended to be dispositive, stressing that the

_____

[1]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

determination ultimately involves consideration of "*all* the circumstances of a given case[.]" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323).

The Plaintiff contends that he meets the first, second, third, and sixth *Francis* factors,[2] and should therefore be permitted to proceed anonymously. (Doc. 24 at 3-6). While the Plaintiff is challenging a government action, this factor does not necessarily support a request to proceed anonymously. *See Frank*, 951 F.2d at 323-24 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."). Further, despite the Plaintiff's argument to the contrary, this case does not require the disclosure of information of the utmost intimacy. *See S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 712-13 (listing cases involving intimate issues as those concerning birth control, abortion, homosexuality, and the welfare rights of illegitimate children or abandoned families); *Francis*, 631 F.3d at 1316-17 (finding case involving the dissemination of materials depicting plaintiffs in various stages of nudity and engaging in explicit sexual conduct while they were minors involved issues of the utmost intimacy). Moreover, the Plaintiff has not presented any persuasive argument or evidence that he will be threatened with violence or physical harm if he proceeds in his real name. Accordingly, the first, second, and third factors do not weigh in favor of the Plaintiff proceeding anonymously.

The sixth factor, whether the Defendant will suffer fundamental unfairness if the Plaintiff's name is not revealed, weighs in favor of the Plaintiff's motion. The Defendant is well aware of the Plaintiff's identity and is in possession of all of the records at issue in this case, the vast majority of which identify the Plaintiff by name. There would be no prejudice to the Defendant by allowing

---

[2] The Plaintiff contends that the fourth and fifth *Francis* factors do not apply in this case. (Doc. 24 at 5). The Court agrees and has not considered those factors in determining whether the Plaintiff should be permitted to proceed anonymously.

the Plaintiff to proceed anonymously.  Moreover, the Defendant is a federal agency, and this case in large part centers on a challenge to the Defendant's administrative procedures and agency actions. Thus, there is little to no risk of any embarrassment or disgrace that will befall the Defendant if the Plaintiff is permitted to proceed anonymously while the Defendant's name is public.  *See Francis*, 631 F.3d at 1315.  However, this is the only *Francis* factor that weighs in favor of the Plaintiff's request, and this factor alone is insufficient to warrant overriding the "customary and constitutionally-embedded presumption of openness in judicial proceedings."

This is not the end of the Court's analysis.  The factors set forth in *Francis* are not exhaustive, *Francis*, 631 F.3d at 1316, and the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  *Id*. (quoting *Frank*, 951 F.2d at 323, citing *S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713).  Here, the Court finds the confidential nature of the sealed exhibits to the Complaint helpful in determining whether the Plaintiff should be permitted to proceed anonymously.

As discussed in the Court's February 14, 2020 Order, the exhibits in this case include the original Adverse Action Report filed by Palmetto General Hospital with the NPDB and DHHS's final agency actions dated July 31, 2018 and March 28, 2019.  (Doc. 17).  These documents are protected under 45 C.F.R. § 60.20(a) and have been ordered sealed indefinitely.[3]  (*Id.*).  While the facts contained in those exhibits have been and will continue to be discussed in public filings in this case, (*see* Docs. 1; 9; 19), the exhibits themselves – which refer to the Plaintiff by name – remain

---

[3] Section 60.20(a) of the Code of Federal Regulations states that "[i]nformation reported to the NPDB is considered confidential and shall not be disclosed outside the Department of Health and Human Services . . ."  45 C.F.R. § 60.20(a).

confidential and sealed until further order from the Court.   Accordingly, if the Plaintiff is required to disclose his identity, the confidential nature of the sealed documents would be undermined. Further, if his identity is disseminated publicly while this case is pending, that could possibly have a negative impact on his current employment situation before the Court has an opportunity to rule on the Defendant's challenged actions.   Considering the unique circumstances of this case and the lack of any showing that the Defendant would be prejudiced if the Plaintiff proceeds anonymously, the Court finds that the Motion is due to be granted.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 24) is **GRANTED**.

2. The Plaintiff is permitted to proceed anonymously in this case.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -