UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

        Plaintiff,

v.                                        Case No: 6:19-cv-2074-Orl-40LRH

ALEX M. AZAR, II,

        Defendant.
_____/

**ORDER**

This cause is before the Court on Defendant's partial Motion to Dismiss (Doc. 9 (the "**Motion**")), Plaintiff's Response in Opposition (Doc. 19), and Defendant's Reply (Doc. 25). For the reasons set forth below, the Motion is due to be granted.

**I.    BACKGROUND**[1]

This action centers around Palmetto General Hospital's ("**PGH**") adverse report submitted to the National Practitioner Data Bank ("**NPDB**") about Plaintiff Dr. Doe.[2] (Doc. 1, ¶ 1). PGH did not provide Dr. Doe with the opportunity for a hearing before submitting the adverse report to the NPDB. (*Id.*). Pursuant to the Health Care Quality Improvement Act ("**HCQIA**"), Dr. Doe submitted a request to the Department of Health and Human Services ("**DHHS**") to review the adverse report and remove it from the NPDB. This request was denied on July 31, 2018. (*Id.* ¶ 2). Dr. Doe subsequently challenged the

---

[1] This account of the facts comes from the Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2] Plaintiff is proceeding anonymously in this lawsuit. (*See* Doc. 26).

adverse report by filing a Privacy Act request with DHHS. (*Id.*). This challenge was denied on March 28, 2019. (*Id.*).

Consequently, Plaintiff brought the present lawsuit challenging DHHS's final agency actions. (*Id.*). Plaintiff alleges six causes of action including: a challenge to the agency decisions that exceed statutory authority (Count I); a due process challenge (Count II); a review of the final agency actions under the Administrative Procedure Act ("**APA**") (Count III); a claim under the Privacy Act (Count IV); a claim for declaratory relief (Count V); and a claim seeking injunctive relief (Count VI). (*Id.*).

Defendant moves to dismiss all but Count III of Plaintiff's Complaint, arguing that: (1) this Court lacks jurisdiction to hear Plaintiff's claims; (2) Plaintiff has failed to state a claim for violation of due process rights, a claim for actions exceeding DHHS's authority, and claims under the Privacy Act; and (3) Plaintiff's claims for declaratory and injunctive relief are not separate causes of action. (Doc. 9).

## II.    LEGAL STANDARD

### A.    Subject Matter Jurisdiction

Challenges to subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. As such, the allegations within the complaint are assumed true for the purpose of the motion. *Id.* On the other hand, factual attacks challenge the existence of subject matter jurisdiction irrespective of what the complaint alleges. *Garcia v. Copenhaver, Bell & Assocs., M.D's, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997). Accordingly, courts may consider information outside of the pleadings—

including testimony, affidavits, and other evidence—and may make factual findings to resolve the motion. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Subject matter jurisdiction must exist at the time the action is commenced, and the party who invokes a federal court's subject matter jurisdiction bears the burden of establishing the propriety of exercising that jurisdiction. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[3]

### B. Stating a Claim for Relief

In order to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. District courts must accept all well-pleaded allegations within the complaint as true. *Id.* Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

## III. DISCUSSION

### A. Actions Exceeding DHHS's Authority (Count I)

Defendant moves to dismiss Count I of the Complaint, arguing that Plaintiff has failed to state a claim challenging the agency's policy decisions that allegedly exceed DHHS's statutory authority. (Doc. 9, pp. 13–14).

The Complaint alleges that the "HCQIA specifically requires that a reporting entity must provide or attempt to provide a physician notice of his hearing rights, its procedures, and the right to a hearing." (Doc. 1, ¶ 72). The Complaint further alleges that the NPDB Guidebook's policy of "Nonrenewals" is "contrary to and exceeds the authority provided by statute," is "invalid, unauthorized, and ultra vires," and is "capricious and arbitrary." (*Id.* at ¶ 68(e)–(g)). The "Nonrenewals" section of the 2015 NPDB Guidebook states:

> Nonrenewals of medical staff appointment or clinical privileges generally should not be reported to the NPDB. However, if the practitioner does not apply for renewal of medical staff appointment or clinical privileges while under investigation by the health care entity for possible professional incompetence or improper professional conduct, or in return for not conducting such an investigation or not taking a professional review action, the event is considered a surrender while under investigation and must be reported to the NPDB. These actions must be reported regardless of whether the practitioner was aware of the investigation at the time he or she failed to renew the staff appointment or clinical privileges. A practitioner's awareness that an investigation is being conducted is not a requirement for filing a report with the NPDB*.*

(*Id.* at ¶ 70).

Contrary to Plaintiff's conclusion-based statutory interpretation,[4] the HCQIA does not require notice and a hearing; it simply "grants limited immunity, in suits brought by disciplined physicians, from liability for money damages to those who participate in professional peer review activities." *Bryan v. James E. Holmes Reg'l Med. Ctr.*, 33 F.3d 1318, 1321 (11th Cir. 1994). To be sure, other courts have ruled that "a requirement that physicians have knowledge of an investigation in order for a resignation to be reportable would provide an opportunity for both physicians and hospitals to game the statute, whether guilelessly or intentionally, and avoid reporting." *Doe v. Rogers*, 139 F. Supp. 3d 120, 146–47 (D.D.C. 2015). "[A] requirement that the physician have knowledge of an investigation [and be provided with notice and a hearing] would mean that no reporting would occur, thereby frustrating the very purposes of the statute." *Id.* at 147. Therefore, Plaintiff's allegation that the Guidebook is in contravention of the statutory language of the HCQIA cannot provide a basis for relief, and Count I is due to be dismissed.

### B. Due Process Violation (Count II)

Defendant moves to dismiss Count II of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Specifically, Defendant asserts: (1) that the HCQIA does not provide a private right of action to challenge procedures used by a peer review panel; (2) that even if there is a private cause of action, the HCQIA does not require a hearing; and (3) Plaintiff cannot bring a due process challenge against the government for actions committed by a non-state actor. (Doc. 9, pp. 9–13). The Court agrees with Defendant.

---

[4] Notably, Plaintiff fails to provide the Court with any case law to support its position that the HCQIA requires notice and a hearing or to support a constitutional claim for a violation of Plaintiff's due process rights. (*See* Doc. 19).

In his Complaint, Plaintiff alleges that "Palmetto General Hospital violated Dr. Doe's due process rights, including those set forth in 42 U.S.C. § 11112, by not providing him—or attempting to provide him—with any notice that he was the subject of a formal investigation, prior to his resignation." (Doc. 1, ¶ 81). Plaintiff continues to allege the multiple ways in which PGH violated his due process rights. (*Id.* ¶¶ 82–84).

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1292 (M.D. Fla. 2009). Additionally, "[m]ultiple courts which have considered the issue have concluded that reports made to data banks do not implicate constitutionally protected liberty or property interests." *McKoy v. Spencer*, No. 16-1313 (CKK), 2019 WL 400615, at *10 (D.D.C. Jan. 31, 2019). Plaintiff cannot rely on the actions of PGH, a private hospital, to bring constitutional due process claims against DHHS, a government Defendant.[5] Count II of Plaintiff's Complaint must therefore be dismissed.

To the extent that Plaintiff asserts that Defendant violated his due process rights by failing to provide him with "his statutory rights [under the HCQIA] to adequate notice, hearing procedures, or a hearing[,]" (Doc. 1, ¶ 86), the Court finds, as previously discussed, that the HCQIA does not require notice and a hearing. Therefore, even if state action is found, Count II must also be dismissed because the HCQIA does not require notice and a hearing.

---

[5] The Court notes that Plaintiff is not left without recourse for DHHS's alleged actions. Count III of Plaintiff's Complaint (Doc. 1), a claim for judicial review under the APA, remains to be litigated.

### C.     Privacy Act Violation (Count IV)

Next, Defendant moves to dismiss Count IV of the Complaint, asserting that Plaintiff has failed to state a claim for relief under the Privacy Act. (Doc. 9, pp. 14–18). Specifically, Defendant argues that Plaintiff cannot bring a claim under the Privacy Act because the proper channel for the remedy he seeks is through the procedures of 45 C.F.R. § 60.21. (*Id.*).

Defendant is correct in stating that "[s]ubchapter A of Title 45, the Code of Federal Regulations exempts Defendant from the requirements of 5 U.S.C. § 552a(d)(1) through (4) and (f)." *Sabatini v. Price*, No. 17-cv-01597, 2018 WL 1638258, at *3 (S.D. Cal. Apr. 5, 2018). "Thus, it is clear to the Court and should be to Plaintiff at this point that the NPDB is exempt from the access, amendment, and notification provisions [of the Privacy Act]." *Id.* The Court finds that the correct avenue for Plaintiff to challenge DHHS's amendment or removal of the adverse report is a request under the NPBD regulations, the subject of Count III. *See* 76 Fed. Reg. 9295, 9296 (Feb. 17, 2011) (exempting the data bank from Privacy Act access and amendment procedures "in order to establish access and amendment procedures in the NPDB regulations"). Therefore, Count IV is due to be dismissed.

### D.     Claims for Declaratory Relief (Count V) and Injunctive Relief (Count VI)

Lastly, Defendant moves to dismiss Counts V and VI of the Complaint, arguing that claims for declaratory and injunctive relief are remedies, not separate causes of action, and must therefore be dismissed. (Doc. 9, p. 19). In the alternative, Defendant argues that Plaintiff is not entitled to a writ of mandamus because the APA provides an

adequate basis for review of the Secretary's refusal to remove the adverse report from the NPDB. (*Id.*).

"The Declaratory Judgment Act does not provide an independent cause of action or theory of recovery." *Foley v. Orange Cty.*, No. 6:12-cv-269, 2012 WL 6021459, at *8 (M.D. Fla. Dec. 4, 2012). "The only relevant inquiry in a motion to dismiss a declaratory-judgment action is whether or not the plaintiff is entitled to a declaration of rights." *Bleau Fontaine Condo. Ass'n No. Three, Inc. v. Indian Harbor Ins. Co.*, No. 18-cv-22995, 2019 WL 1932785, at *2 (S.D. Fla. Jan. 10, 2019). If a plaintiff may obtain relief through other claims already before the court, a declaratory judgment is unnecessary. *Id.*

Here, Plaintiff "succumbs to the not infrequent mistake of characterizing declaratory judgment as a claim in itself. It, however, is not a cause of action; it is a remedy." *Burke v. Johnson*, No. 6:16-cv-199, 2016 WL 9503732, at *3 (M.D. Fla. June 27, 2016). It is true, as Plaintiff points out, that the Court may choose to construe a claim for declaratory judgment as a request for such relief in connection to another valid claim. However, Plaintiff has no other valid claim, except for Count III, the review of DHHS's agency decision to decline Plaintiff's request to remove the adverse report from the NPDB. Additionally, Plaintiff may obtain the relief he seeks through Count III thereby making the declaratory judgment unnecessary. *See Bleau Fontaine Condo. Ass'n No. Three*, 2019 WL 1932785, at *2. Therefore, Count V is due to be dismissed.

Additionally, Count VI is due to be dismissed. "Mandamus is an extraordinary remedy available only upon a showing that the plaintiff has no other adequate remedy." *Brinklys v. Johnson*, 175 F. Supp. 3d 1338, 1352 (M.D. Fla. 2016). "Typically, where a statute provides for administrative or judicial review of an agency's actions, mandamus

relief is unavailable." *Id.* Plaintiff has not—and cannot—make the required showing that no alternative avenue of relief is available to him because his Count III, review under the APA, remains to be litigated. This Court has noted that "[t]he APA provides an adequate mechanism for obtaining that relief." *Id.* Therefore, Count VI is due to be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts I, II, IV, V, and VI (Doc. 9) is **GRANTED**. Defendant has **fourteen (14) days** from the date of this Order to answer the remainder of Plaintiff's Complaint.

**DONE AND ORDERED** in Orlando, Florida on May 20, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties