UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.     Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors,

    Defendant.
_____/

**UNOPPOSED MOTION TO SEAL ADMINISTRATIVE RECORD TO PROTECT THE CONFIDENTIALITY OF INFORMATION SUBMITTED TO THE NATIONAL PRACTITIONER DATABASE AND SET DATE FOR ITS SUBMISSION**

Defendant, the Secretary of the United States Department of Health and Human Services ("HHS"), pursuant to Fed. R. Civ. P 5.2(b)(2) & (d); Local Rule 1.09(a); and 45 C.F.R. § 60.20, requests an order sealing the administrative record, index and certifying declaration when filed in this case. And requests up and until June 19, 2020 to file them with the Court. Plaintiff has filed suit, requesting, in part, that this Court review under the APA HHS's denial of his request to remove an adverse report submitted to the National Practitioner Database ("NPDB") by Palmetto General Hospital. Doc. 1 at Count III. The Court has now dismissed all claims in the case except this request for administrative review. Doc. 27. The administrative record will contain almost exclusively information reported to the NPDB, which 45 C.F.R. § 60.20 designates as confidential,

and subject to disclosure only to certain entities in specified circumstances not present in this action.

Pursuant to Local Rule 3.01(g) the undersigned states that he contacted counsel for Plaintiff and that counsel for Plaintiff does not oppose the relief requested.

## DISCUSSION AND MEMORANDUM OF LAW

**I.     Filing the Administrative record under seal.**

Local Rule 1.09 addresses requests to file under seal, either for good cause or because of a rule or statute. As this Court previously recognized in its February 14, 2020 Order, an Order sealing the information reported to the NPDB is appropriate based on 45 C.F.R. § 60.20(a), which provides that "[i]nformation reported to the NPDB is considered confidential and shall not be disclosed outside [HHS]", except in certain limited circumstances not applicable in this case. Doc. 17 at 4. The Court relied on this provision to permit Plaintiff to file three exhibits with the Court under seal: the original Adverse Action Report filed with the NPDB by Palmetto General Hospital; and the two "Dispute Resolution Decisions" by HHS dated July 31, 2018 and March 28, 2019. *Id.* at 2, 4-5.

While 45 C.F.R. § 60.20(a) does not specifically dictate sealing of the administrative record, it mitigates strongly in favor of sealing the record in this case. Therefore, this request is governed by Rule 1.09(a). That rule requires (i) identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of

legal authority supporting the seal. M.D. Fla. R. 1.09(a). "District courts have broad discretion in interpreting and applying their local rules. *United States v. Lee Mem'l Health Sys.*, No. 2:14-CV-437-FTM-38CM, 2018 WL 4492271, at *2 (M.D. Fla. Sept. 19, 2018) (citing *Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008); *Johnson v. England*, 350 F. App'x 314, 315-16 (11th Cir. 2009)).

### A. Identification and description of each item proposed for sealing.

Plaintiff requests this Court review a final decision by HHS to deny his request to remove an adverse report submitted to the NPDB by Palmetto General Hospital. Doc. 1 at Count III. The administrative record is comprised of the information reported to the NPDB in connection with the adverse report at issue and the review done by HHS in connection with Plaintiff's request to remove the adverse report. It includes the three documents already addressed in this Court's February 14, 2020 Order, as well as numerous similar documents, including: (1) the correspondence between HHS and both Plaintiff and Palmetto General Hospital relating to the adverse report; (2) the supporting materials provided to HHS by Palmetto General Hospital as part of its inquiry into the adverse report; (3) the supporting materials Plaintiff submitted to HHS in connection with his request to remove the adverse report; and (4) "Subject Statement Histories" regarding the adverse report.

All of the documents to be filed as part of the administrative record are part and parcel of the information reported to the NPDB and its subsequent evaluation following Plaintiff's request that HHS remove the adverse report from the NPDB.

### B. The reason that filing each item is necessary.

As a matter of law,

> [i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision. The Supreme Court's formulation in *Overton Park* cautions against both under- and over-inclusiveness in the administrative record before a reviewing court: "[R]eview is to be based on the *full* administrative record that was before the Secretary *at the time* he made his decision."

*Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)) (emphasis in original). In this case, the entire record includes the adverse report, and the correspondence and materials submitted in connection with HHS's review of the report in response to Plaintiff's request that the NPDB remove the adverse report. Therefore, to submit the entire record, the information submitted to the NPDB, as well as the correspondence discussing that information, must be filed with the Court.

### C. The reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant.

An alternative to filing under seal would be to redact the records. There are two reasons why this is not feasible. First, the regulation at issue is not one that designates limited information submitted to the NPDB as confidential, such as the name of a practitioner, or other discrete personally identifiable information. Rather, the regulation is a broad confidentiality provision covering information reported to the NPDB. *See* 45 C.F.R. § 60.20. Thus, redacting the records to protect the information submitted to the NPDB would result in large swaths of the administrative record being redacted.

Such redactions could significantly impair the review the Court needs to undertake. *See Teamcare Infusion Orlando, Inc. v. United States Department of Health and Human Services, et al.*, Case No. 6:10-cv-1752 (M.D. Fla.), Doc. 39, at 21 ("Due to the level of redaction contained in this record prepared by the Secretary . . . the undersigned finds it is unable to determine whether substantial evidence supports the Secretary's finding as to the specific beneficiaries and claims at issue"). It would also render meaningless any distinction between sealing the records, and filing the redacted records with the Court as the public would be in no better position to evaluate the record as it pertains to the case. Of note, in *Teamcare Infusion*, the Court noted that "[i]f, after remand, a new appeal is filed in the district court, the parties may move to file the unredacted record under seal." *Id.* This at least suggests that in these types of review, sealing is preferable to redaction.

   D.    **A statement of the proposed duration of the seal.**

The regulations at issue only permit release of information reported to the NPDB in specified circumstances to specific "eligible entities," i.e. "[a]n entity that is authorized to query and/or report to the NPDB under the provisions of Title IV of Public Law 99-660, the Health Care Quality Improvement Act of 1986; Section 1921 of the Social Security Act; Section 1128E of the Social Security Act; or as specified in 45 CFR Part 60." U.S. Department of Health and Human Services, Health Resources and Services Administration, *NPDB Guidebook*, App. A-3 (2018) at https://www.npdb.hrsa.gov/resources/ NPDBGuidebook.pdf (last visited December 10, 2019). While Local Rule 1.09(a) typically requires a request for a duration of less than one year, there are no time restrictions on the confidentiality limitations contained in 45

5

C.F.R. § 60.20.  Accordingly, Defendant requests that the record remain sealed for the duration of this litigation and until the Court specifically lifts the seal.  At the conclusion of the litigation, the Court and the parties can address what to do with the record.

### E. A memorandum of legal authority supporting the seal and the reason that sealing each item is necessary.

When deciding whether to seal,

> the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents.  See [*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)] at 1314–15; *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). In balancing the interests, courts consider, inter alia: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. In addition, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

*Capsmith, Inc v. Wysopal*, 2009 WL 277075, at *1 (M.D. Fla. 2009).

In this case, disclosure of the information submitted to the NPDB to the public would undermine the safeguards intrinsic in the NPDB reporting system, which limits access to the "eligible entities," and only in certain specified circumstances.  45 C.F.R. part 60.  Orders sealing the administrative record have been granted in these types of cases when requested.[1]  *See, e.g., Nwobi v. Azar*, 6:19-cv-1404-Orl-41EJK, Docs. 22, 23 (M.D.

---

[1] Note, in a previous case in this district it does not appear that anyone requested that the record be sealed.  *See Leal v. Secretary*, 6:08-cv-1062 (M.D. Fl.).  However, because Plaintiff has already requested, and received, such relief with respect to a portion of the

Fla.); *Doe v. Rodgers*, 1:12-cv-1229 (D.D.C.) (Motion at Doc. 13 and corresponding Minute Order sealing administrative record, index and declaration certifying the administrative record). An order sealing the record in this case would have no impact on the ability of "eligible entities" to request information from the NPDB, but rather is merely to maintain the limitations on disclosure consistent with the restrictions in 45 C.F.R. § 60.20.

The Court previously relied on 45 C.F.R. § 60.20(a) to permit Plaintiff to file three exhibits with the Court under seal: the original Adverse Action Report filed with the NPDB by Palmetto General Hospital; and the two "Dispute Resolution Decisions" by HHS dated July 31, 2018 and March 28, 2019. Doc. 17 at 2, 4-5. These three documents are included as part of the administrative record to be filed with the Court. The other documents are Plaintiff's challenge to the report and HHS's investigation prior to issuing the dispute resolution decisions identified above, and would necessarily reveal much of the information contained in the adverse report and the HHS decision letters. Accordingly, the Court should grant Defendant's motion to file the administrative record, index and certifying declaration under seal.

II.   **Request that the Court set a filing deadline of June 19, 2020 for the certified administrative record.**

Defendant request that the Court set a deadline for filing the administrative record of June 19, 2020. Federal agencies in our district and nationwide have moved to telework, resulting in delays in receiving case critical information and documents from client

---

administrative record in this case, HHS is requesting leave to file the entire record under seal.

agencies. Specifically undersigned has been informed that HHS needs more time than is typically necessary to finalize and certify the administrative record in this case due to these communication and logistical hurdles. Accordingly it is requested that the deadline for submission of the administrative record be set for June 19, 2020. Within 21 days after submission of the certified administrative record, which will allow Plaintiff an opportunity to review the record, the parties will submit a proposed briefing schedule for the remaining administrative review count in the case.

## CONCLUSION

For the reasons stated above, Defendant requests the Court enter an order allowing the administrative record, index and declaration certifying the record to be filed under seal and instructing the clerk to maintain the seal until a subsequent order from this Court, and allowing Defendant to and through June 19, 2020 to file the record with the Court.

Dated:  June 2, 2020                    Respectfully submitted,

                                        MARIA CHAPA LOPEZ
                                        United States Attorney

                               By:      /s/ Adam R. Smart
                                        Adam R. Smart
                                        Assistant United States Attorney
                                        USA No. 195
                                        400 W. Washington Street, Suite 3100
                                        Orlando, Florida 32801
                                        Telephone: (407) 648-7500
                                        Facsimile: (407) 648-7588
                                        Email:  Adam.Smart@usdoj.gov