UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.                                                  Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors,

    Defendant.
_____/

**DEFENDANT'S ANSWER**

COMES NOW Defendant, by and through the undersigned Assistant United States Attorney, and in response to Plaintiff's Complaint answers and avers as follows:

**General Denial**

Defendant denies all allegations set forth in the complaint not otherwise admitted in the following paragraphs, including all well-pleaded allegations contained in Plaintiff's prayer for relief.

**Specific Denials and Responses**

Answering the specific numbered paragraphs of Plaintiff's complaint, using the same paragraph numbering, Defendant further states as follows:

1.     Admit this case concerns a Clinical Privileges Action Report ("Report") submitted by Palmetto General Hospital ("PGH") to the National Practitioner Data Bank ("NPDB") regarding Plaintiff, Dr. Doe. Except as specifically admitted, the remaining allegations of paragraph 1 are denied.

1

2. Admit that Plaintiff sent a letter to the NPDB, dated December 21, 2017, disputing the Report. Further admit that Defendant reviewed Plaintiff's dispute and notified him via a Dispute Resolution Decision dated July 31, 2018, that his request to have the Report voided was denied. Further admit Plaintiff subsequently submitted a request to change the Report, which request purported to be pursuant to the Privacy Act of 1974, but specifically deny that such a request is proper under the Privacy Act. Aver that the request to change the report was treated as a request for reconsideration of the July 31, 2018 Dispute Resolution Decision, and admit that the request for reconsideration was denied on or about March 28, 2019. Except as specifically admitted, the remaining allegations of paragraph 2 are denied.

3. Admit that Plaintiff was the subject of a NPDB report filed by PGH. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 3, and therefore denies them.

4. Admit that Alex M. Azar II is the Secretary of the Department of Health and Human Services ("HHS"), and that as Secretary he is responsible for certain actions by HHS. Further admit that the Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11101–11152 (the "Act"), directs the Secretary of HHS to issue regulations that provide procedures to dispute a Clinical Privileges Action Report's accuracy, *id.* § 11136(2), and that HHS published such regulations at 45 C.F.R. §§ 60.1–60.22. Except as specifically admitted, the remaining allegations of paragraph 4 are denied.

5. Admit that the Act requires the reporting of certain actions and directed the Secretary of HHS to issue regulations that set forth the requirements and procedures for doing so. Except as specifically admitted, the remaining allegations of paragraph 5 are denied.

6. Admit that HHS is an agency of the United States government and that it is responsible for administering and maintaining the NPDB, which contains information concerning adverse actions taken against medical practitioners. This information is released to hospitals and other qualified entities. Except as specifically admitted, the remaining allegations of paragraph 6 are denied.

7. Deny.

8. Admit venue is proper in the Middle District of Florida because a substantial part of the events giving rise to the underlying claim occurred within the Middle District of Florida. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 8, and therefore denies them.

9. Deny.

10. Deny.

11. Deny.

12. Admit.

13. Admit.

14. Admit the NPDB Guidebook is a policy manual that was not promulgated through the formal rulemaking process. Except as specifically admitted, the remaining allegations of paragraph 14 are denied, and specifically deny that promulgation through the formal rulemaking process was required.

15. Admit.

16. Deny.

17. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 17, and therefore denies them.

18. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 18, and therefore denies them.

19. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 19, and therefore denies them.

20. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 20, and therefore denies them.

21. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 21, and therefore denies them.

22. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 22, and therefore denies them.

23. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 23, and therefore denies them.

24. Deny.

25. Admit that the Medical Care Peer Review Committee wrote a letter to Plaintiff on October 20, 2014, and further admit that this letter informed Plaintiff that it was assigning him a B2 rating, and that it was requesting he complete ten (10) days of Cerner training starting on October 20, 2014, and that all his cases would be monitored and reviewed for progress notes (and three other categories).  Except as specifically admitted, the remaining allegations of paragraph 25 are denied.

26. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 26, and therefore denies them.

27. Admit.

28. Admit.

29. Deny.

30. Admit that Plaintiff requested six (6) months of medical leave from PGH on October 13, 2015. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 30, and therefore denies them.

31. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 31, and therefore denies them.

32. Admit that, among other things in a March 20, 2016 letter Dr. Doe informed Palmetto General Hospital's Medical Staff Office that he would be resuming his provisional category privileges and his level of activity would be minimal to none during his first few months as he took the time to establish his own private practice in the area.

33. Admit.

34. Admit.

35. Admit.

36. Deny.

37. Admit that Plaintiff sent a letter of resignation to PGH on July 13, 2016. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 37, and therefore denies them.

38.     Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 38, and therefore denies them.

39.     Deny.

40.     Admit.

41.     Admit that PGH submitted an adverse action report to the NPDB on August 8, 2016, that states, in part, what is alleged in second sentence in paragraph 41.  However, this is not the complete explanation provided in the report regarding this issue, but due to Plaintiff requesting and obtaining permission to file the Report under seal, Defendant will not provide the remainder of the explanation here or restate what Plaintiff already set forth in the allegation from the sealed Report.   Except as specifically admitted, the remaining allegations of paragraph 41 are denied.

42.     Admit that the adverse action report submitted by PGH provides a description of the events leading to the filing of the NPDB report.  Except as specifically admitted, the remaining allegations of paragraph 42 are denied.

43.     Deny.

44.     Deny that Plaintiff was not informed of a pending investigation against him. Defendant lacks sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 44, and therefore denies them.

45.     Admit that Plaintiff has accurately quoted from 42 U.S.C. § 11133(a)(1)(B), regarding one of the circumstances in which a health care entity is required to report certain adverse action to the NPDB.  Except as specifically admitted, the remaining allegations of paragraph 45 are denied.

46. Deny.

47. Deny.

44a.[1] Deny.

45a. Admit.

46a. Deny.

47a. Deny.

48. Admit that the NPDB Guidebook provides that if a formal, targeted process is used when issues related to a specific practitioner's professional competence or conduct are identified, this is considered an investigation for the purposes of reporting to the NPDB. Except as specifically admitted, the remaining allegations of paragraph 48 are denied.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Admit that Plaintiff has accurately quoted from portions of 42 U.S.C. § 11112, which describes certain types of professional review actions.

54. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 54, and therefore denies them. Defendant specifically denies that the procedures set forth in Section 11112 were relevant to or required with respect to the Report.

---

[1] The paragraph numbering in the Complaint inadvertently repeats for 44-47.

55. Admit Plaintiff timely requested a Dispute Resolution Review of the Report pursuant to 45 C.F.R. § 60.21 and the NPDB Guidebook Chapter F. Except as specifically admitted, the remaining allegations of paragraph 55 are denied.

56. Admit HHS reviewed Plaintiff's dispute and notified him via a Dispute Resolution Decision dated July 31, 2018, that his request to have the Report voided was denied.

57. Deny.

58. Admit.

59. Deny.

60. Admit that HHS sent Plaintiff a letter, dated December 19, 2018, acknowledging the receipt of his November 20, 2018 letter. Except as specifically admitted, the remaining allegations of paragraph 60 are denied.

61. Deny.

62. Admit that in response to Plaintiff's requests HHS, which treated the requests as a request for reconsideration of the Dispute Resolution Decision, in accordance with the NPDB Guidebook Chapter F, reconsidered the Dispute Resolution Decision, but again found no basis for removing the Report or for determining that the Report was inaccurate. A letter dated March 28, 2019, was sent by HHS to Plaintiff to inform him of this outcome. Except as specifically admitted, the remaining allegations of paragraph 62 are denied.

63. Admit the March 28, 2019 Dispute Resolution Reconsideration Decision concluded the administrative remedies made available to Plaintiff by HHS. Except as specifically admitted, the remaining allegations of paragraph 63 are denied.

64. Deny.

65.-88. Because the claims to which these paragraphs correspond were dismissed by the Court no response is required.

89. Admit that a party may seek review of final agency action by HHS regarding a Dispute Resolution Decision pursuant to the APA, and that is what Plaintiff purports to seek in Count III. Except as specifically admitted, the remaining allegations of paragraph 89 are denied.

90. Deny, as all other claims in the complaint have been dismissed..

91. Paragraph 91 is an allegation by incorporation, and accordingly Defendant incorporates its responses to paragraphs 1 through 64 in response thereto; because the claims to which paragraphs 69 to 77 correspond were dismissed by the Court no response is required to them.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 96, and therefore denies them.

97. Admit that Plaintiff is requesting that the Court review actions taken by HHS and requesting that the Court reverse them, order the Report removed, voided, or corrected, but deny Plaintiff is entitled to such relief.

98.-146. Because the claims to which these paragraphs correspond were dismissed by the Court no response is required.

As to the unnumbered paragraphs constituting Plaintiff's "Request for Relief," Defendant denies Plaintiff is entitled to the relief he seeks.

Dated: June 3, 2020	Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Adam R. Smart*
      Adam R. Smart
      Assistant United States Attorney
      USA No. 195
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7588
      Email:  adam.smart@usdoj.gov