# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN DOE, M.D.,

                **Plaintiff,**

v.                                           **Case No:  6:19-cv-2074-Orl-40LRH**

ALEX M. AZAR, II,

                **Defendant.**

_____

# ORDER

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO SEAL ADMINISTRATIVE RECORD TO PROTECT THE CONFIDENTIALITY OF INFORMATION SUBMITTED TO THE NATIONAL PRACTITIONER DATABASE AND SET DATE FOR ITS SUBMISSION (Doc. 28)** |
| **FILED:** | **June 2, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I. Background

        The Plaintiff, who is proceeding anonymously (Doc. 26), filed this action against the Defendant, which the Court summarized as follows:

> This action centers around Palmetto General Hospital's ("PGH") adverse report submitted to the National Practitioner Data Bank ("NPDB") about Plaintiff Dr. Doe. (Doc. 1, ¶ 1). PGH did not provide Dr. Doe with the opportunity for a hearing before submitting the adverse report to the NPDB. (*Id.*). Pursuant to the Health Care Quality Improvement Act ("HCQIA"), Dr. Doe submitted a request to the Department of Health and Human Services ("DHHS") to review the adverse report and remove it from the NPDB. This request was denied on July 31, 2018. (*Id.* ¶ 2).

Dr. Doe subsequently challenged the adverse report by filing a Privacy Act request with DHHS.  (*Id.*).  This challenge was denied on March 28, 2019.  (*Id.*).

(Doc. 27 at 1-2).  Based on these events, the Plaintiff asserted the following causes of action: 1) a challenge to the agency decisions that exceed statutory authority (Count I); 2) a due process challenge (Count II); 3) a review of the final agency actions under the Administrative Procedure Act ("APA") (Count III); 4) a claim under the Privacy Act (Count IV); 5) a claim for declaratory relief (Count V); and 6) a claim seeking injunctive relief (Count VI).  (Doc. 1 ("Complaint")).

The Plaintiff moved to seal the exhibits to the Complaint, which consisted of the original Adverse Action Report filed by PGH with the NPDB ("Exhibit 1"), and DHHS's final agency actions dated July 31, 2018 ("Exhibit 2") and March 28, 2019 ("Exhibit 3").  (Doc. 2).  The Court granted the request to seal, finding that sealing the exhibits was appropriate pursuant to 45 C.F.R. § 60.20(a), which protects such information from public disclosure, and because the Plaintiff's interest in sealing the exhibits outweighs the public's common law right to access them.  (Doc. 17).

The Defendant moved to dismiss all claims but Count III – review of final agency actions under the APA.  (Doc. 9).  On May 20, 2020, the Court granted the motion to dismiss, dismissed Counts I, II, IV, V, and VI, and directed the Defendant to file his answer to the Count III.  (Doc. 27).

The Defendant timely filed his answer on June 2, 2020.  (Doc. 29).  That same day, the Defendant moved to file the administrative record under seal pursuant to 45 C.F.R. § 60.20, and requested that the seal last throughout the pendency of this case and until further order from the Court.  (Doc. 28 ("Motion")).  The Defendant also requests that if the Motion is granted that he be given until June 19, 2020 to file the administrative record under seal.  (*Id.* at 7-8).  The Motion is unopposed (*Id.* at 2) and is ripe for review.

## II.   Standard of Review

A party requesting to seal documents authorized by statute, rule, or order must provide the following: 1) a citation to the statute, rule or order authorizing the seal; 2) an identification and description of each item proposed for sealing; 3) a statement of the proposed duration of the seal; and 4) a statement establishing that the items submitted for sealing fall within the scope of cited statute, rule, or order.   Local Rule 1.09(b).   The Court may not seal an item for more than one year, unless the moving party shows good cause for a longer seal.   Local Rule 1.09(c).

In addition to Local Rule 1.09, the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records."   *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).   The common law right of access "is instrumental in securing the integrity of the [judicial] process."   *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).   However, the common law right of the public to access judicial records is not absolute.   *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).   The right of access does not apply to discovery and, where it does apply, "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"   *Id*. at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309).   The Eleventh Circuit has held:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315.   In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous

alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  While a party's privacy or proprietary interest in information may outweigh the public's common law right of access, parties do not have the right to agree on what judicial records should be sealed.  *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985).  The Court "must keep in mind the rights of a third party – the public, if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system."  *Id.* (internal quotations and citations omitted).

## III.  Discussion

The Defendant states that the administrative record contains the same documents that the Court sealed in its February 14, 2020 Order (Doc. 17), as well as the following documents: 1) the correspondence between DHHS and both the Plaintiff and PGH relating to the adverse report; 2) the supporting materials provided to DHHS by PGH as part of its inquiry into the adverse report; 3) the supporting materials Plaintiff submitted to DHHS in connection with his request to remove the adverse report; and 4) "Subject Statement Histories" regarding the adverse report.  (Doc. 28 at 3). The Defendant claims these documents "are part and parcel of the information reported to the NPDB and its subsequent evaluation following Plaintiff's request that [D]HHS remove the adverse report from the NPDB," and are therefore confidential pursuant to 45 C.F.R. § 60.20 and should be sealed. (*Id.*).  The Defendant further contends that its interest in sealing the exhibits outweighs the public's common law right to access the exhibits.  (*See id.* at 6-7).

The reasons the Court gave for sealing the exhibits to the Complaint apply equally to the Defendant's request to seal the administrative record.  Section 60.20(a) of the Code of Federal Regulations states that "[i]nformation reported to the NPDB is considered confidential and shall not

- 4 -

be disclosed outside the Department of Health and Human Services . . ." 45 C.F.R. § 60.20(a).[1] Based on the Defendant's description of the administrative record, it appears to exclusively contain information reported to the NPDB, and the Court is outside the DHHS.   The Court therefore finds that the documents that make up the administrative record are protected under § 60.20(a).   Further, the Court finds that the Defendant has met the other requirements of Local Rule 1.09(b), has shown that the interest in sealing the administrative record outweighs the public's common law right to access it, and has stated good cause to extend the seal beyond one year.   The Motion will therefore be granted.

## IV.    Conclusion

Accordingly, it is **ORDERED** that:

1.  The Motion (Doc. 28) is **GRANTED**.

2.  The Defendant may file the administrative record under seal.

3.  The Defendant shall submit the administrative record to the Clerk of Court **no later than June 19, 2020**.

4.  **The Clerk is directed to accept and place the administrative record under seal**.

5.  The administrative record shall remain under seal until further order from the Court.

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] There are several exceptions to this general rule, but, upon review of those exceptions, it does not appear that any of them apply here.  *See* 45 C.F.R. § 60.20(a).

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties