## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## Orlando, Florida

JOHN DOE, M.D.,

    Plaintiff,

vs.                                                             No.: 6:19-cv-02074-PGB-LRH

ALEX M. AZAR II, Secretary, U.S.
Department of Health and Human
Services, and his Successors,

    Defendant.
_____/

### PLAINTIFF DR. DOE'S MOTION FOR LEAVE

### TO FILE AMENDED COMPLAINT ADDING DEFENDANTS AND REQUEST TO

### REDESIGNATE CASE AS TRACK 2,

### AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** Plaintiff John Doe, M.D., by and through his undersigned counsel, pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure, and Local Rule 4.01 and respectfully requests this Court to enter an order granting Plaintiff leave to file an Amended Complaint adding Lifemark Hospitals of Florida, Inc., a Florida for profit corporation, d/b/a Palmetto General Hospital ("PGH"), as a defendant to this lawsuit, and states:

    1.    This is a suit filed by Plaintiff Dr. Doe, a medical doctor licensed by the State of Florida, against the U.S. Department of Health and Human Services (DHHS), regarding his challenge to and appeal of an adverse confidential report submitted on him to the National Practitioner Data Bank (NPDB), which is a system of records maintained and administered by

Defendant Azar and the DHHS.

2. Plaintiff brings this Motion to request leave to file an amended complaint adding PGH as a defendant to this lawsuit. A copy of the Proposed Amended Complaint is attached as Exhibit 1.

3. Rule 15(a)(2), Federal Rules of Civil Procedure, states:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

4. This Motion is not made for the purpose of undue delay, undue prejudice, or any dilatory purpose.

5. As a Track 1 case, no case management order has been issued setting out any deadline for amendment of the pleadings or for adding parties. Consequently, this Motion is timely filed.

6. Additionally, Defendant DHHS, in its Motion to Dismiss, raised issues relating to the requirement of having the proposed additional Defendant, PGH, as a necessary party to this litigation.

7. Plaintiff Dr. Doe seeks to add PGH as a defendant to this lawsuit due to PGH's breach of a written contract between him and PGH, specifically, the medical staff bylaws (the "Bylaws").

8. Florida law considers the Bylaws to be a written contract between a physician and the hospital.

9. PGH's breach of contract occurred when it falsely reported Dr. Doe to the NPDB as resigning his medical staff membership while under investigation, and by not affording Dr. Doe the due process rights to which he was entitled under the Bylaws and the Health Care Quality Improvement Act of 1986, 42 U.S.C. Section 11101, et seq.

10. The Bylaws were incorporated into Dr. Doe's clinical privileges with PGH. The Bylaws included terms that were binding on PGH, but which were violated by PGH. PGH violated the Bylaws by falsely reporting Dr. Doe to the NPDB for actions that specifically were not reportable, according to the terms of the Bylaws. They also were not reportable according to the NPDB's own guidelines.

11. PGH reported Dr. Doe to the NPDB without providing Dr. Doe with appropriate due process procedures as explicitly required in the Health Care Quality Improvement Act of 1986, 42 U.S.C. Section 11101, et seq. ("HCQIA"), and the Bylaws.

12. PGH is an essential, necessary party to this action pursuant to Rule 20(a), Federal Rules of Civil Procedure, in that it is PGH's actions that gave rise to the NPDB report that is the subject of this action.

13. Whether PGH's conduct leading up to and in making the NPDB report was lawful and proper is essential in making a decision as to whether Defendant DHHS should have voided the report.

14. Whether PGH's conduct in failing to provide Dr. Doe with due process of law, as required by the Bylaws (its contract with Dr. Doe), also is essential to the decision on

whether Defendant DHHS should have voided the report.

15. Granting this Motion will allow the joinder of parties and claims that are best resolved in this case as there is significant overlap of facts, law, and the interpretation thereof.

16. Plaintiff's Proposed Amended Complaint deletes the counts which the Court dismissed in its May 20, 2020, Order Granting Partial Motion to Dismiss (Doc. 27). The proposed Amended Complaint pleads no new facts or causes of action against Defendant DHHS. With respect to DHHS, the only substantive difference between the initial Complaint and the Proposed Amended Complaint (attached) is that the remaining count against DHHS (Count III) is now redesignated as Count I.

17. The Proposed Amended Complaint is attached.

18. If this Motion is granted by the Court, Counsel for Plaintiff will serve the Amended Complaint and all prior filings on the added defendant as required by Federal Rules of Civil Procedure.

19. The undersigned conferred with counsel for DHHS who does not oppose amending the Complaint to add PGH as a defendant, but does oppose redesignating this case to Track 2 to the extent it would subject the agency to what it considers needless discovery or would otherwise delay resolution of the remaining count pleaded against DHHS.

20. However, adding a new party to this litigation at this time and the added allegations including breach of contract, mandate that discovery will have to occur between Plaintiff and the newly-added Defendant, PGH.

## MEMORANDUM OF LAW

Rule 15, Federal Rules of Civil Procedure, provides that "The court should freely give leave [to amend] when justice so requires." Rule 15(1), Federal Rules of Civil Procedure; *see Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989)("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt is not broad enough to permit denial.")  In particular, "timely motions to amend are held to a very liberal standard." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1318 (M.D. Fla. 2010).

Rule 15(a)(2), Federal Rules of Civil Procedure, allows for the amendment of pleadings if a party has not timely amended as a matter of course under Rule 15(a)(1), Federal Rules of Civil Procedure, "only with the opposing party's written consent or the court's leave."  The Eleventh Circuit has held that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962));  *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility).

The purpose of Rule 15(a) is to "allow parties to have their claims heard on the merits," so leave to amend should be granted "when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014).

Dr. Doe seeks to add PGH as a defendant to this lawsuit due to its violation of the hospital's Bylaws and the Health Care Quality Improvement Act of 1986, 42 U.S.C. Section 11101, et seq.  PGH breached its contract with Dr. Doe by not providing him with due process procedures specifically stated in the Bylaws and making a subsequent report to the NPDB that was false and contrary to the Bylaws and NPDB reporting requirements.

These claims against PGH involve many of the same facts and questions of law that were presented in the original complaint Dr. Doe filed.  Because the amendment is timely sought and would serve the court and parties' interests in efficiently addressing Plaintiff's claims regarding the false, adverse NPDB report filed against him, this is precisely the type of circumstance where the court should freely grant leave to amend in the interests of justice. *See* Rule 15(a)(2), Federal Rules of Civil Procedures; *Trans-Siberian Orchestra*, 728 F. Supp. 2d at 1318.

The Proposed Amended Complaint will not result in any prejudice to Defendant DHHS, who has yet to conduct any discovery in this case and has stated that it does not intend to conduct any as it maintains it is immune from such pretrial procedure under the HCQIA and Eleventh Circuit precedent.  Further, DHHS does not oppose the relief in principal, but only

to the extent it would delay resolution of the remaining count against it.

To that end, there is no reason why DHHS could not file a motion for summary judgment as to the remaining count regardless of the tracking of the case. If DHHS is immune from discovery as it claims, it should have no problem demonstrating that to the Court. Since incomplete or outstanding discovery typically prohibits the presiding court from deciding motions for summary judgment, a finding that DHHS is truly immune from discovery would, in principle, remove any roadblock to filing and deciding a summary judgment motion.

Justice requires that PGH be added to this lawsuit as a defendant so that all parties whose conduct is related to this action can be before the Court for resolution.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Dr. Doe requests that this Court enter an Order granting Plaintiff Dr. Doe leave to file the attached Amended Complaint adding Lifemark Hospitals of Florida, Inc., d/b/a Palmetto General Hospital (PGH), as a defendant to this lawsuit.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that a good faith conference has taken place between counsel for plaintiff and counsel for Defendant DHHS, regarding this motion. Counsel for Defendant DHHS does not oppose amending the Complaint to add PGH as a defendant, but does oppose redesignating this case to Track 2 to the extent that it would subject the Defendant

agency to what it considers needless discovery or would otherwise delay resolution of the remaining count pleaded against DHHS.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, on this 14th day of August 2020.

/s/  George F. Indest III

_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.:  382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**CAROLE C. SCHRIEFER, R.N., J.D.**
Florida Bar No.:  835293
Primary e-mail:  CSchriefer@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**LANCE O. LEIDER, J.D., LL.M.**
Florida Bar No.:  96408
Primary e-mail:  LLeider@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**ACHAL A. AGGARWAL, J.D., M.B.A.**
Florida Bar No.:  1008038
Primary e-mail:  AAggarwal@TheHealthLawFirm.com
Secondary e-mail:  CourtFilings@TheHealthLawFirm.com

>TRIAL COUNSEL
>ATTORNEY TO BE NOTICED
>**THE HEALTH LAW FIRM**
>1101 Douglas Avenue
>Altamonte Springs, Florida 32714
>Telephone:  (407) 331-6620
>Telefax:  (407) 331-3030
>**ATTORNEYS FOR PLAINTIFF**

<u>Exhibit:</u>

Exhibit 1  Proposed Amended Complaint

AAA/LOL
S:\2300-2399\2335\002-A\410-Pleadings-Drafts & Finals\Motion Leave-Amend Compl-FINAL.wpd