NATIONAL PRACTITIONER DATA BANK

# NPDB



# NPDB Guidebook
## April 2015

U.S. Department of Health and Human Services
Health Resources and Services Administration
Bureau of Health Workforce



EXHIBIT 4



U.S. Department of Health and Human Services
**HRSA**
Health Resources and Services Administration

# CHAPTER A:  INTRODUCTION AND GENERAL INFORMATION

## PREFACE

The NPDB Guidebook serves as a policy manual. It is one of a number of efforts to inform the U.S. health care community and others about the National Practitioner Data Bank (NPDB) and the requirements established by the laws governing the NPDB, primarily:

- Title IV of the Health Care Quality Improvement Act of 1986 (HCQIA), Public Law 99-660 (referred to as "Title IV");
- Section 5 of the Medicare and Medicaid Patient and Program Protection Act of 1987, Public Law 100-93, codified as Section 1921 of the Social Security Act (referred to as "Section 1921"); and
- Section 221(a) of the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191, codified as Section 1128E of the Social Security Act (referred to as "Section 1128E").

By law, certain entities (referred to as "eligible entities") report to the NPDB, query the NPDB, or both. Eligible entities include medical malpractice payers, hospitals and other health care entities, professional societies, health plans, peer review organizations, private accreditation organizations, quality improvement organizations, and certain Federal and State agencies. Health care practitioners, entities, providers, and suppliers are authorized to query on themselves for information reported to the NPDB, since they may be the subjects of NPDB reports.

> *By law, eligible entities report to the NPDB, query the NPDB, or both.*

Final regulations implementing the laws referenced above governing the NPDB are found at 45 CFR Part 60. The U.S. Department of Health and Human Services (HHS) is responsible for administering the NPDB.

The NPDB Guidebook is divided into broad topical sections:

- Chapter A: Introduction and General Information (this chapter) contains general information on the NPDB, including its history and information on the laws and regulations that govern it
- Chapter B: Eligible Entities describes the eligible entities that query and/or report to the NPDB directly, and the processes for registering with the NPDB
- Chapter C: Subjects of Reports details the types of individuals and organizations that may be the subjects of reports submitted to the NPDB

# CHAPTER E: REPORTS

## OVERVIEW

The NPDB is a confidential information clearinghouse created by Congress with the primary goals of improving health care quality, protecting the public, and reducing health care fraud and abuse in the United States. Acting primarily as a national flagging system, the NPDB provides information that permits queriers to perform comprehensive reviews of the credentials of health care practitioners, entities, providers, and suppliers. The NPDB collects information on medical malpractice payments and certain adverse actions and discloses that information to eligible entities. These payments and actions are required to be reported to the NPDB under Title IV of Public Law 99-660, the Health Care Quality Improvement Act of 1986 (Title IV); Section 1921 of the Social Security Act (Section 1921); Section 1128E of the Social Security Act (Section 1128E); and their implementing regulations found at 45 CFR Part 60.

> *The information required to be reported to the NPDB concerns health care practitioners, entities, providers, and suppliers.*

Entities that are required to report to the NPDB include medical malpractice payers, hospitals and other health care entities, professional societies, health plans, peer review organizations, private accreditation organizations, Federal Government agencies, State law enforcement agencies, State Medicaid fraud control units, State agencies administering or supervising the administration of a State health care program, and State licensing and certification authorities (including State medical and dental boards). The information required to be reported to the NPDB concerns health care practitioners, entities, providers, and suppliers.

The NPDB is meant to be used as one of many tools available to health care entities of all types as they make licensing, certification, hiring, credentialing, contracting, and similar decisions. The NPDB can provide valuable background information, but health care entities should use the NPDB in conjunction with other resources when making personnel and contracting decisions.

### Reporting Requirements

Eligible entities are responsible for meeting specific querying and/or reporting requirements and must register with the NPDB in order to query or report to the NPDB. Entities may qualify as more than one type of eligible entity. In such cases, the entity must comply with all associated querying and reporting responsibilities.

NPDB Guidebook                                                            Chapter E: Reports

privilege, a physician who does not meet the new criteria will lose previously granted clinical privileges. This loss of privileges should not be reported to the NPDB.

Examples of eligibility threshold criteria may include: (1) minimum professional liability coverage, (2) board certification, (3) geographic proximity to the hospital, and (4) performance of a minimum number of procedures prescribed for a particular clinical privilege.

## Withdrawal of Applications

Voluntary withdrawal of an initial application for medical staff appointment or clinical privileges prior to a final professional review action generally should not be reported to the NPDB. However, if a practitioner applies for renewal of a medical staff appointment or clinical privileges and voluntarily withdraws that application while under investigation by the health care entity for possible professional incompetence or improper professional conduct, or in return for not conducting such an investigation or not taking a professional review action, then the withdrawal of application for renewal of clinical privileges must be reported to the NPDB. These actions must be reported regardless of whether the practitioner knew he or she was under investigation when the renewal application for medical staff appointment or clinical privileges was withdrawn. A practitioner's awareness that an investigation is being conducted is not a requirement for filing a report with the NPDB.

> *A practitioner's awareness that an investigation is being conducted is not a requirement for filing a report with the NPDB.*

## Nonrenewals

Nonrenewals of medical staff appointment or clinical privileges generally should not be reported to the NPDB. However, if the practitioner does not apply for renewal of medical staff appointment or clinical privileges while under investigation by the health care entity for possible professional incompetence or improper professional conduct, or in return for not conducting such an investigation or not taking a professional review action, the event is considered a surrender while under investigation and must be reported to the NPDB. These actions must be reported regardless of whether the practitioner was aware of the investigation at the time he or she failed to renew the staff appointment or clinical privileges. A practitioner's awareness that an investigation is being conducted is not a requirement for filing a report with the NPDB.

### Investigations

Investigations should not be reported to the NPDB. However, a surrender of clinical privileges or failure to renew clinical privileges while under investigation or to avoid investigation must be reported.

NPDB interprets the word "investigation" expansively. It may look at a health care entity's bylaws and other documents for assistance in determining whether an investigation has started or is ongoing, but it retains the ultimate authority to determine whether an investigation exists. The NPDB considers an investigation to run from the start of an inquiry until a final decision on a clinical privileges action is reached. In other words, an investigation is not limited to a health care entity's gathering of facts or limited to the manner in which the term "investigation" is defined in a hospital's by-laws. An investigation begins as soon as the health care entity begins an inquiry and does not end until the health care entity's decisionmaking authority takes a final action or makes a decision to not further pursue the matter.

A *routine*, formal peer review process under which a health care entity evaluates, against clearly defined measures, the privilege-specific competence of *all* practitioners is *not* considered an investigation for the purposes of reporting to the NPDB. However, if a formal, targeted process is used when issues related to a *specific practitioner's* professional competence or conduct are identified, this *is* considered an investigation for the purposes of reporting to the NPDB.

A health care entity that submits a clinical privileges action based on surrender, restriction of, or failure to renew a physician's or dentist's privileges while under investigation should have evidence of an ongoing investigation at the time of surrender, or evidence of a plea bargain. The reporting entity should be able to produce evidence that an investigation was initiated prior to the surrender of clinical privileges by a practitioner. Examples of acceptable evidence may include minutes or excerpts from committee meetings, orders from hospital officials directing an investigation, or notices to practitioners of an investigation (although there is no requirement that the health care practitioner be notified or be aware of the investigation).

<u>Guidelines for Investigations</u>
- For NPDB reporting purposes, the term "investigation" is not controlled by how that term may be defined in a health care entity's bylaws or policies and procedures.
- The investigation must be focused on the practitioner in question.
- The investigation must concern the professional competence and/or professional conduct of the practitioner in question.