UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.                                            Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors,

    Defendant.
_____/

**FEDERAL DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND CHANGE TRACK OF CASE**

COMES NOW the Federal Defendant, Alex M. Azar II, as Secretary, U.S. Department of Health and Human Services, by and through the undersigned Assistant United States Attorney, and files this response to Plaintiff's motion to file an amended complaint and designate the case as Track 2 (Doc. 35). As noted in Plaintiff's motion, the Federal Defendant does not object to Plaintiff seeking to add Lifemark Hospitals of Florida, Inc., a Florida for profit corporation, d/b/a Palmetto General Hospital ("PGH"), as a defendant.

Plaintiff seeks to add PGH as a defendant to assert breach of contract claims against it. Doc. 35. Certainly those claims are Track 2 claims pursuant to this Court's local rules. *See* Local Rule 3.05(b)(2). However, Plaintiff's APA claim against the Federal Defendant, which is a Track 1 claim, *see* Local Rule 3.05(b)(1), for which, absent special circumstances not present here, is exempt from discovery and which is decided on motion and the already submitted administrative record. *See Alabama-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-

1

01-S-0194-S, 2002 WL 227032, at *3 (N.D. Ala. Jan. 29, 2002); *St. Johns Riverkeeper, Inc. v. United States Army Corps of Engineers*, No. 3:17-CV-398-J-34MCR, 2020 WL 2735208, at *5 (M.D. Fla. May 26, 2020). The Court has already requested the parties to submit a proposed briefing schedule on this claim, which Defendant did (Doc. 34). The filing of this new claim against PGH should not delay this administrative review. In fact, much as the private hospital did in a similar case brought by Plaintiff's counsel, *see Nwobi v. Azar*, Case No.: 6:19-cv-01404-CEM-EJK (M.D. Fla.), Doc. 53, the Federal Defendant anticipates that PGH will file a motion to dismiss upon being served with the complaint, which would overlap with the briefing submitted by the parties on the APA claim as set forth in the proposed briefing schedule. In short, the Federal Defendant recognizes that Plaintiff's proposed claims against PGH are Track 2 claims; however, given that the remaining APA claim is a Track 1 claim, *see* Local Rule 3.05(b)(1), for which no case management order is necessary beyond setting a briefing schedule, the Federal Defendant requests that if Plaintiff is allowed to amend the complaint to add claims against PGH, that the Court excuse the Federal Defendant from any case management requirements under Track 2, and instead enter a briefing schedule to govern the remaining claim between Plaintiff and the Federal Defendant, while the claims against PGH proceed under Track 2 and any forthcoming case management order as to them.

//

//

//

Dated:   August 18, 2020	Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Adam R. Smart*
        Adam R. Smart
        Assistant United States Attorney
        USA No.   195
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7588
        Email:   adam.smart@usdoj.gov