UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, M.D.,

    Plaintiff,

v.                                                                 Case No. 6:19-cv-02074-Orl-40LRH

ALEX M. AZAR II, as Secretary, U.S.
Department of Health and Human
Services, and his successors, *et al.*

    Defendants.
_____/

## FEDERAL DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT

The Federal Defendant, the Secretary of the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, moves to dismiss a portion of Count I (which was previously dismissed by this Court in its prior Order of May 20, 2020 (Doc. 27 at 4-5), as well as Counts III and IV of Plaintiff's Amended Complaint, which again assert standalone claims for declaratory and injunctive relief, despite the Court already dismissing similar claims as improper (Doc. 27 at 7-8) and because, while styled as counts against Palmetto General Hospital ("PGH"), they in reality seek relief regarding the Federal Defendant practically identical to that sought in Plaintiff's claims for injunctive and declaratory relief in it previous complaint.

### I.  Introduction

Again, at the heart of Plaintiff's amended complaint is the refusal of HHS to remove an adverse report about Plaintiff (the "Adverse Report") submitted to the National

Practitioner Data Bank ("NPDB") by his former employer PGH. PGH submitted the Adverse Report because Plaintiff surrendered his credentials at PGH while he was under investigation regarding continuing insufficiencies in his recordkeeping. *See* 42 U.S.C. § 11133(a)(1).

Without going through the entirety of the background of the Health Care Quality Improvement Act of 1986 ("HCQIA") and the NPDB as it was set forth in detail in the Federal Defendant's original motion to dismiss, this motion will simply address the specific attempt by Plaintiff to reassert previously dismissed claims in an effort to avoid the Court's prior order of dismissal.

II.   **Argument**

    A.   **This Court properly dismissed Plaintiff's claim that the Federal Defendant acted in excess of statutory authority when it promulgated the NPDB Guidebook and it is improper to reallege it in the Amended Complaint.**

In Count I of Plaintiff's original complaint he challenged the Federal Defendant's publication and use of the NPDB Guidebook as in excess of statutory authority, specifically the HCQIA. *See* Doc. 1 at ¶¶ 65-77. However, this Court previously rejected that claim and dismissed it. The Court specifically rejected assertions that a hearing or notice is required by the HCQIA or that the section in the Guidebook on "Nonrenewals" is invalid. Doc. 27 at 4-5. The Court concluded that "Plaintiff's allegation that the Guidebook is in contravention of the statutory language of the HCQIA cannot provide a basis for relief, and Count I is due to be dismissed." *Id.* at 5. No leave was provided to Plaintiff to amend that claim in the Order dismissing it. *Id.*

2

Nevertheless in his amended complaint Plaintiff improperly attempts to resurrect his dismissed claim by taking the only remaining claim from the original complaint, Count III, which was a request for APA review of the actual denial of Plaintiff's request to remove an adverse report from the NPDB, and inserting his allegations and claims from the original Count I.  *Compare* Doc. 1 ¶¶ 68-77, *with* Doc. 40 ¶¶ 73-82.  A plaintiff cannot ignore a Court's order dismissing a claim and try to reassert the claim in an amended complaint under cover under a single, previously undismissed count.[1]  "[I]t is axiomatic that Plaintiff may not reallege claims that have been previously dismissed in this litigation." *Halliburton v. Liberty Cty. Sch. Dist.*, CV 414-179, 2018 WL 1538919, at * 3 (S.D. Ga. Mar. 28, 2018); *see also Greer v. Ivey*, No. 615CV677ORL41GJK, 2016 WL 11464648, at *2 (M.D. Fla. July 18, 2016) ("Remarkably, at one point, Plaintiffs endeavor to directly defy the December 16, 2015 Order by purporting to reassert allegations that, according to Plaintiffs, were previously dismissed with prejudice.").  Plaintiff did not move for reconsideration of the Court's prior dismissal of these claims.  Nor did Plaintiff receive leave from the Court to reassert dismissed claims.  Accordingly, his reasserted dismissed claim is a "nullity" and due to be dismissed.  *In re Mirant Corp. Sec. Litig.*, No. CIV.A. 1:02-CV-1467R, 2009 WL 48188, at *15 (N.D. Ga. Jan. 7, 2009) (citing *Hoover v. Blue Cross and*

---

[1] Note, even if not previously dismissed, it is improper to include multiple claims in one count. *Chiron Recovery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. 9:18-CV-81761, 2019 WL 7584968, at *8 (S.D. Fla. Aug. 9, 2019), *report and recommendation adopted in part, rejected in part sub nom. Chiron Recovery Ctr. v. United Health Grp., Inc.*, No. 9:18-CV-81761, 2019 WL 7584966 (S.D. Fla. Sept. 9, 2019) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.")); *L.S. by Hernandez v. Peterson*, No. 18-CV-61577, 2018 WL 6573124, at *2 (S.D. Fla. Dec. 13, 2018)).

*Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988); *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 494 (11th Cir. 1993)).

While Plaintiff did move to amend his complaint, Plaintiff represented to the Federal Defendant and this Court that he was seeking to amend only to delete the previously dismissed claims and assert new ones against PGH:

> Plaintiff's Proposed Amended Complaint deletes the counts which the Court dismissed in its May 20, 2020, Order Granting Partial Motion to Dismiss (Doc. 27). The proposed Amended Complaint pleads no new facts or causes of action against Defendant DHHS. With respect to DHHS, the only substantive difference between the initial Complaint and the Proposed Amended Complaint (attached) is that the remaining count against DHHS (Count III) is now redesignated as Count I.

Doc. 35 at ¶ 16.

Accordingly, Plaintiff's claim that the Federal Defendant acted in excess of statutory authority – now represented by paragraphs 73 through 82 of the Amended Complaint have already been dismissed, and should again be dismissed as either improperly raised or, in the alternative, for the same reasons set forth in this Court's May 20, 2020 Order.

### B. Plaintiff's counts for declaratory and injunctive relief are improper and are in reality an attempt to obtain relief against the Federal Defendant.

In Counts III and IV, Plaintiff also again asserts standalone claims for declaratory and injunctive relief (Doc. 40 at ¶¶ 111-120 (Declaratory), 121-132 (Injunctive)), despite this Court's previous admonition that they are not standalone claims and that Plaintiffs have an adequate remedy at law. *See* Doc. 27 at 7-8.

In addition, although nominally asserted against the new defendant, PGH, it appears that the claims are in fact targeted at the Federal Defendant. For example, Plaintiff still incorporates all of the allegations concerning his previously dismissed claim asserting the Guidebook is in excess of statutory authority. *See* Doc. 40 at 113 (incorporating the allegations from paragraphs 73-82). He then goes on to seek declarations regarding various aspects of whether Plaintiff was "under investigation" at the time of the report, *see* Doc. 40 at 114, which is an issue that is directly relevant to the remaining APA review claim, and which was the thrust of his prior claim for declaratory relief, *see* Doc. 1 at 132-133 (concerning "under investigation" and "resignation" and their impact on the Adverse Report).

Pursuant to 42 U.S.C. § 11136, HHS has established procedures allowing a physician who is the subject of a NPDB report to dispute the accuracy of the report. 45 C.F.R. § 60.21. Under these procedures, HHS will, upon request of the subject physician, review the written information provided by both parties—i.e., the physician and the reporting entity. 45 C.F.R. § 60.21(c)(2). If HHS determines that the report is accurate, HHS will include in the report a brief statement that describes the basis for the decision. *Id.* HHS will review an adverse report only for accuracy of factual information *and to ensure that the information was required to be reported. Leal*, 620 F.3d at 1284 (citing 42 U.S.C. § 11133(a)(3)(B); and Guidebook, at F-1 through F-5). Because an entity is required to file a report with the NPDB if it "accepts the surrender of clinical privileges of a physician . . . while the physician is under an investigation by the entity relating to possible incompetence or improper professional conduct," 42 U.S.C. § 11133(a); *see also* 45 C.F.R.

5

§ 60.12(a)(1), whether Plaintiff was "under investigation" as is understood under the HCQIA, is one of the relevant issues for this Court's APA review. An attempt to shoehorn it into a standalone declaratory judgment claim solely against PGH is not a valid means of addressing the matter. Most telling is that Plaintiff goes on to ask for a declaration that "under the HCQIA, its implementing regulations, and the NPDB Guidebook Defendant PGH should cause the NPDB report to be voided." Doc. 40 at 29. Putting aside whether PGH itself can even take such an action, this allegation makes clear Plaintiff is not asking for declaratory relief related to his breach of contract claim, but rather again attempting to obtain declaratory relief directly related to the matter at issue in the APA review claim left against the Federal Defendant, for which Plaintiff could, if he prevails, obtain the same relief he is seeking in the declaratory claim. *Bleau Fontaine Condo. Ass'n No. Three, Inc. v. Indian Harbor Ins. Co.*, No. 18-cv-22995, 2019 WL 1932785, at *2 (S.D. Fla. Jan. 10, 2019).

Similarly, Plaintiff asserts a standalone claim for injunctive relief seeking various forms of relief, purportedly against PGH. Again, noting that injunctive relief is a remedy, not a standalone claim, *see Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1289 (M.D. Fla. 2009), aff'd, 451 F. App'x 862 (11th Cir. 2012); *Griffin v. Lee Cty. Bd. of Educ.*, No. 3:16-CV-27-SMD, 2019 WL 1338896, at *6 (M.D. Ala. Mar. 25, 2019), while he speaks to some extent about the bylaws at PGH, Plaintiff ultimately moves back to the matter of whether he was "under investigation" and seeks as relief that the Adverse Report be removed, corrected or voided. Doc. 40 at 33. Because he is seeking a mandatory injunction, i.e. an injunction that requires a party to take some action, rather than maintaining the status quo, *see King Ranch, Inc. v. King Ranch Contractors, LLC*, No.

6

6:12-CV-597-ORL-37, 2013 WL 2371246, at *4 (M.D. Fla. May 30, 2013), Plaintiff must demonstrate that there is not an adequate remedy at law. *Williams v. Carney*, 157 F. App'x 103, 106 (11th Cir. 2005); *Fernandez v. Bal Harbour Vill.*, 49 F. Supp. 3d 1144, 1151 (S.D. Fla. 2014). However, as previously noted by this Court, because Plaintiff seeks the very same relief regarding the Adverse Report in his APA review claim (previously Count III and now the portion of Count I the Federal Defendant does not seek to dismiss), he has an adequate remedy at law. *See* Doc. 27 at 8-9 (citing *Brinklys v. Johnson*, 175 F. Supp. 3d 1338, 1352 (M.D. Fla. 2016)).

Accordingly, Plaintiff's standalone counts for declaratory (Count III) and mandatory injunctive (Count IV) relief should be dismissed.

### III.  Conclusion

For the foregoing reasons, the Federal Defendant requests that Plaintiff's claim regarding actions allegedly exceeding HHS's authority under the HCQIA (formerly Count I of the original complaint (Doc. 1), now repled as paragraphs 73 through 82 in Count I of the Amended Complaint (Doc. 40)) be dismissed, and that his standalone claims for declaratory (Count III) and mandatory injunctive (Count IV) relief be dismissed.

//

//

//

| | |
|---|---|
| Dated:  September 9, 2020 | Respectfully submitted, |
| | MARIA CHAPA LOPEZ<br>United States Attorney |
| By: | */s/ Adam R. Smart*<br>ADAM R. SMART<br>Assistant United States Attorney<br>USA No.  195<br>400 W. Washington Street, Suite 3100<br>Orlando, Florida 32801<br>Telephone: (407) 648-7500<br>Facsimile: (407) 648-7588<br>Email:  adam.smart@usdoj.gov |
| | *Counsel for the Federal Defendant* |